**Miriam Morrison PEAKE, Hope Hamilton Kaufman, Herbert Richter, Jr., Peter Hudson Kaufman, and Callie Kaufman West, Plaintiffs,**

v.

**The FIRST NATIONAL BANK AND TRUST COMPANY OF MARQUETTE, individually and as Trustee of the Louis G. Kaufman Endowment Fund, dated December 31, 1927; and Frank J. Kelley, as Attorney General of the State of Michigan, Defendants.**

**No. M80–94 CA2.**

United States District Court,
W.D. Michigan, N.D.

April 27, 1984.

Hamilton Smith, McDermott, Will & Emery, Chicago, Ill., for plaintiffs.

Peterson, Ross, Schloerb & Seidel by Ellen J. Kerschner, Chicago, Ill., Robert M. Bordeau, Kendricks, Bordeau, Casselman, Adamini & Keefe, Marquette, Mich., for First Nat. Bank and Trust Co.

Luis F. Fernandez, Asst. Atty. Gen., Lansing, Mich., for Atty. Gen. of Mich.

OPINION: MOTION FOR RELIEF UNDER RULE 60(b)(1) AND 60(b)(6)

HILLMAN, District Judge.

Before the court is plaintiffs' petition for relief under Fed.R.Civ.P. 60(b)(1) and 60(b)(6).

On February 1, 1982, this court granted defendants' motion for summary judgment. The order granting that motion was received by plaintiffs' counsel (Smith) in Chicago on February 5, 1982. Rule 4(a) of the Federal Rules of Appellate Procedure provides that a party has 30 days in which to appeal after the date of entry of the judgment or order appealed from. The rule further provides that the district court may, upon proper showing, extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration time prescribed by Rule 4(a).

Instead of taking an immediate appeal, however, plaintiffs decided to file a motion for reconsideration. Such a motion, although not specifically so described in the rules, is covered by Rule 59 of the Federal Rules of Civil Procedure which deals with

new trials and motions to alter or amend the judgment. All motions filed under Rule 59 "shall be served not later than 10 days after entry of the judgment." A timely motion filed in the district court under Rule 59 tolls the time for appeal. The time does not run until the entry of an order denying the motion. Assuming the ten-day period commenced from the date of service, which was February 5, 1982, plaintiffs had until February 15 to file their motion for reconsideration. This they failed to do. Instead, on March 1, 1982, plaintiffs filed an untimely motion for reconsideration. This was done under the erroneous assumption that the filing of this motion on that date would automatically toll the 30 days plaintiffs had from date of entry of judgment to perfect their appeal.

Plaintiffs' counsel concedes that on Monday, February 8, just three days after receiving the court's order, he was advised by his client to file a notice of appeal. Smith immediately recognized the legal issue of whether, under the federal rules, a motion for reconsideration would toll the appeal period and he turned the matter over to one of his associates for legal research. At about this time, Smith left on vacation.

On March 9, 1982, on his return from vacation, Attorney Smith reviewed the brief of the defendant bank in opposition to the motion for reconsideration. In the bank's brief, the untimeliness of the motion was specifically raised. The brief pointed out that according to *Wright & Miller* and cited cases, the filing of an untimely motion under Rule 59 does not toll the running of the time for filing a notice of appeal. As indicated above, this was brought to Smith's attention on or about March 9, 1982. Attorney Smith had at least until April 2, 1982, to file a motion for extension of time to file a notice of appeal under the provisions of Rule 4(a)(5) of the Federal Rules of Appellate Procedure. Attorney Smith's explanation for failing to do this, as set forth in his affidavit, is that he continued to believe the time period for perfecting the appeal was tolled and that

the attorney for the bank was confused on the matter.

This court denied plaintiffs' motion for reconsideration on May 24, 1982, and that order was appealed on June 1, 1982. In fact the appeal was 90 days beyond the "mandatory and jurisdictional time period." In an opinion issued October 24, 1983, the United States Court of Appeals for the Sixth Circuit held the notice of appeal filed by plaintiffs was not timely and therefore the appellate court was without jurisdiction to "review the lower court's final disposition of the action." 717 F.2d 1016 (6th Cir.1983).

In the meantime, however, on June 2, 1982, plaintiffs had filed with the district court a motion for relief under Rules 60(b)(1) and 60(b)(6). Rule 60(b) reads as follows:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;

\*        \*        \*        \*        \*        \*

or (6) any other reason justifying relief from the operation of the judgment."

Under the rule, this motion may be filed any time within a year from the date of the order and was timely filed in this case.

Plaintiffs' counsel, in his brief and affidavit, claims that failure to perfect the appeal within the prescribed time limits was due to "excusable neglect" caused by the following factors: the federal rules dealing with motions and appeals are confusing and misleading, particularly for a young and inexperienced associate; that Smith himself, the partner in charge, was busy on other important legal matters at the time in question; that he recognized the problem and turned it over to an able associate for research; and finally, that during this crucial time period, Attorney Smith left on vacation and consequently was unable to give this matter his direct and immediate attention. He claims further it was reasonable for him to rely upon

the advice of his associate, who advised him that a motion for reconsideration "would toll the running of the appeal period and that there was no problem about it."

As previously noted, the conclusion reached by the associate was incorrect. The associate failed to spend enough time to carefully research the problem. Smith's reliance upon his associate falls considerably below the requirement that only "unique or extraordinary circumstances" are required to constitute "excusable neglect." Again it should be noted that Attorney Smith had notice of the judgment and was aware the appeal time was running. The error was in assuming that the motion to reconsider would stop the time for filing an appeal. It is not as though the thought had never occurred to Smith. In fact, the precise point was raised to him by his client well within the appeal period. Smith had at least ten days from the day his client directed an appeal to the time he left on his vacation to decide how to proceed. The fact that the researching error was done by an associate provides no legal relief to Mr. Smith.

Regardless of the associate's error, Smith still had ample time upon his return to seek additional time to appeal. When he came back from his vacation, he was specifically alerted by the defendant to the time problem. This was set forth in the defendant bank's brief in support of its answer to plaintiffs' motion for reconsideration. This warning was ignored. Smith concedes that he personally read defendant's brief, and despite the fact that defendant specifically stated a "motion for reconsideration" is treated as a motion for new trial under 59(a) and then went on to cite *Wright & Miller*, Smith chose to ignore this flashing danger signal. He assumed defense counsel was "confused".

It seems to me that this is a classic example of an able, experienced attorney, being first misled by an associate and then by being so sure himself what the law "should be," he failed to check the law himself despite the fact that he had been alerted that his first conclusion may have

been incorrect. Unquestionably, this can happen to the best of lawyers. It has happened before and unfortunately will happen again. Although a judge may, and in fact I do, view the problem with sympathy and understanding, nevertheless, my discretion to grant relief under 60(b) is very limited.

The Sixth Circuit has specifically held that 60(b) does not provide another avenue for relief from the time requirements for filing a notice of appeal caused by a mistake of the appealing party. *Martin v. Hess*, 176 F.2d 834, 835 (6th Cir.1949). *See also Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. den.*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976), where the Court stated:

> "Excusable neglect calls for 'circumstances that are unique or extraordinary.' [Citations omitted.] If this includes a mere palpable mistake by experienced counsel, the requirement would be meaningless."

In *Airline Pilots in the Service of Executive Airlines, Inc. v. Executive Airlines, Inc.*, 569 F.2d 1174 (1st Cir.1978), the court makes the same point:

> "A mistake made by an attorney or his staff is not, except in unusual or extraordinary circumstances not present here, such excusable neglect to invoke the rule."

*Id.* at 1175.

In the present case, the associate failed to correctly research the law. The mistake was not caught because the partner in charge of the case was busy on other legal matters, and attempting to get away on a vacation. In addition, the partner, an experienced attorney, was so certain that the law "should be" what was erroneously reported to him by his associate, that he ignored defendant's brief specifically pointing out that he was wrong.

In summary, we have in this case a conscious decision made by an attorney based upon ignorance of the law. This is not a unique or unusual set of circumstances. No errors by outside parties, such as court clerks, are involved. We have nothing more than a classic example of attorney

error. My reading of the cases convinces me that the federal courts are practically unanimous in holding that, under these circumstances, attorney error is not "excusable neglect." *Woods v. Baltimore & Ohio Railroad Company*, 441 F.2d 407 (6th Cir. 1971); *Federal's Inc. v. Edmonton Investment Co.*, 404 F.Supp. 68 (E.D.Mi.1975), *aff'd*, 555 F.2d 577 (6th Cir.1977); *Linabary v. Maritime Overseas Corp.*, 376 F.Supp. 688 (S.D.N.Y.1973), *aff'd* 505 F.2d 727 (2d Cir.1974).

I am also satisfied relief is not available to plaintiffs under Rule 60(b)(6). In *Sunfire Coal Company v. United Mine Workers of America*, 335 F.2d 958 (6th Cir.1964), *cert. denied*, 379 U.S. 990, 85 S.Ct. 701, 13 L.Ed.2d 610 (1965), the Sixth Circuit held that in order to provide relief under subsection (6), some other reason than those covered in the previous five subsections must be present. The courts have generally held that 60(b)(1) and 60(b)(6) are mutually exclusive so that conduct which falls under the former category cannot qualify for relief under the latter. *See, e.g., F.D.I.C. v. Alker*, 234 F.2d 113 (3d Cir.1956).

Because I do not find exceptional and extraordinary circumstances in this case, plaintiffs' request for relief under Rule 60(b)(1) and 60(b)(6) is denied.

IT IS SO ORDERED.