**Billy E. BYRD, Plaintiff**

*v.*

**CITY OF FAYETTEVILLE, et al., Defendants.**

**No. 84–63–CIV–3.**

United States District Court, E.D. North Carolina, Fayetteville Division.

March 12, 1986.

---

Douglas E. Canders, Jack E. Carter, Fayetteville, N.C., for Billy E. Byrd.

Robert C. Cogswell, Jr., Fayetteville, N.C., for City of Fayetteville and Fayetteville Police Dept.

Carl A. Barrington, Jr., Fayetteville, N.C., for D.K. Dixon.

Walker Y. Worth, Jr., Fayetteville, N.C., for Civil Service Com'n, Beard, Norris, Vick and Pridgen.

## ORDER

DUPREE, District Judge.

Before the court at this time is plaintiff's motion for relief from judgment or order. Plaintiff asserts that the court should reconsider its order of January 27, 1986 granting defendants' unopposed motions for summary judgment, asserting that their failure to respond to those motions was due to "mistake, inadvertence ... or excusable neglect" of counsel. Rule 60(b)(1), F.R.Civ.P. Plaintiff also asserts that the court should have denied defendants' motions as being untimely filed. Defendants have filed memoranda opposing the motion.

Plaintiff's claim that defendants' motions were untimely filed is without merit. By order dated August 22, 1985, Magistrate Leonard extended discovery until October 31, 1985, and directed that all motions were to be filed by December 1, 1985. However, December 1 was a Sunday, and defendants consequently filed their motions and supporting memoranda on December 2, the next business day. Rule 6(a), F.R. Civ.P. expressly provides that where the last day of a period of time prescribed by the court for filing a paper falls on a Sunday, the period will run until the end of the next day. Consequently, defendants' motions for summary judgment were timely filed.

In support of plaintiff's claim of excusable neglect, his attorneys contend that they reasonably believed, pursuant to Rule 56(c), F.R.Civ.P., that the court would conduct a hearing on the motions or that they would receive at least ten days' notice in which they could file opposing affidavits prior to the court ruling on defendants' motions.[1]

1. Plaintiff also cites Rule 56(a), F.R.Civ.P., which permits a claimant to file for summary judgment at any time after the expiration of twenty days from the commencement of the action. However, as plaintiff has never filed a motion for summary judgment, the court fails to see the relevance of this rule with respect to

They assert that they believed that this rule circumvented the requirements of Local Rules 4.05 and 4.08.[2]

Were Rule 56(c) the only rule to deal with a court's duty to conduct hearings on motions and a party's responsibility regarding filing affidavits, then plaintiff's contention might have some merit. However, these issues are addressed in other rules.

Rule 6(d), F.R.Civ.P., provides in pertinent part:

When a motion is supported by affidavit, the affidavit shall be served with the motion; and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.

Rule 78, F.R.Civ.P., provides in pertinent part:

To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

Finally, Rule 83, F.R.Civ.P., provides in pertinent part:

Each district court by action of a majority of the judges thereof may from time to time, after giving appropriate public notice and an opportunity to comment, make and amend rules governing its practice not inconsistent with these rules.

■ Thus, the federal rules permit a court to set a time other than that provided in Rule 56(c) in which a party must respond to a motion for summary judgment, to forego any hearing on the motion, and to promulgate local rules to that effect. Counsel's assumptions to the contrary were based not on a reasonable reading of Rule 56(c), but on their failure to take into consideration all of the Federal Rules of Civil Procedure. Their protestations that they are unfamiliar with the rules of this court are also belied by the court's docket,[3] which shows that Mr. Canders has been involved in several other cases, including *Pirro v. City of Fayetteville,* 765 F.2d 139 [4], *Larsen v. Marsh,* No. 83–109–Civ–3, *Thomas v. Norman,* No. 84–51–Civ–3, and *Wiggs v. Hurley,* No. 84–91–Civ–3.

Finally, other courts which have addressed this issue have found that nothing in Rule 56(c) requires that a hearing be held on a motion for summary judgment or that the responding party receive ten days' notice of the court's intent to rule on that motion. *McMillian v. City of Rockmart,* 653 F.2d 907 (5th Cir.1981); *Spark v. Catholic University of America,* 510 F.2d 1277 (D.C.Cir.1975); *Parish v. Howard,* 459 F.2d 616 (8th Cir.1972); *Morrow v. Topping,* 437 F.2d 1155 (9th Cir.1971); *Season-All Industries, Inc. v. Turkiye Sise Ve Cam Fabrikalari, A.S.,* 425 F.2d 34 (3d Cir. 1970).

■ Under these circumstances, the court is unable to conclude that plaintiff's counsel's failure to follow the local rules of this court constituted excusable neglect. Excusable neglect calls for "circumstances

---

plaintiff's failure to respond to defendants' motion for summary judgment.

2. Those rules provide as follows:

"4.05: **Responses to Motions.** Any party may file a written response to any motion. The response may be a memorandum in the manner prescribed by Local Rule 5.01 and may be accompanied by affidavits and other supporting documents. When the response is not a memorandum, the written response shall be accompanied by a supporting memorandum in the manner prescribed by Local Rule 5.01 and, when appropriate, by affidavits and other supporting documents. Responses and accompanying documents shall be filed within 20 days after ser-vice of the motion in question unless otherwise ordered by the court or prescribed by the applicable Federal Rules of Procedure. In the event no response is filed, the court may proceed to rule on the motion."

"4.08: **Hearings on Motions.** Hearings on motions may be ordered by the court in its discretion. Unless so ordered, motions shall be determined without hearing.

3. It should be noted that counsel do not assert that they did not know that Local Rule 4.00 existed. Rather, they contend that they did not think that it applied to them.

4. Mr. Carter is co-counsel with Mr. Canders in *Pirro.*

that are unique or extraordinary (citations omitted)." If this is to include a mere palpable mistake by experienced counsel, the requirement will be meaningless. *Spound v. Mohasco Industries, Inc.*, 534 F.2d 404, 411 (1st Cir.), *cert. denied*, 429 U.S. 886, 97 S.Ct. 238, 50 L.Ed.2d 167 (1976); *see also United States v. Erdoss*, 440 F.2d 1221 (2d Cir.), *cert. denied*, 404 U.S. 849, 92 S.Ct. 83, 30 L.Ed.2d 88 (1971); *Peake v. First National Bank and Trust Company of Marquette*, 101 F.R.D. 544 (W.D.Mich.1984). Accordingly, their motion for relief from judgment or order will be denied.

SO ORDERED.