**Paul GRAMLICH, et al., Plaintiffs,**

**v.**

**Lloyd SWIFT, et al., Defendants.**

**Wayne A. McINTOSH, et al., Plaintiffs,**

**v.**

**Lloyd SWIFT, et al., Defendants.**

**Nos. CIV–3–88–409, CIV–3–88–0943.**

United States District Court,
E.D. Tennessee, N.D.

Feb. 8, 1991.

J. Mikel Dixon, Knoxville, Tenn., for plaintiffs.

Wilson S. Ritchie, and Walter B. Johnson, II, Ritchie & Wise, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

JORDAN, District Judge.

These civil actions are again before the Court, for consideration of the plaintiff Wayne A. McIntosh's motion to amend the judgment of the Court upon a directed verdict against him on his claim against the Bank of East Tennessee ("BET"). [Doc. 542 in no. CIV 3–88–0409; doc. 160 in no. CIV 3–88–0943.] The Court heard argument by counsel on this motion on Thursday, February 7, 1991.

While Mr. McIntosh's motion is entitled "Motion to Amend Judgment," it is plain that it is in fact a motion for relief from the judgment made under Fed.R.Civ.P. 60(b). Mr. McIntosh refers to Fed.R.Civ.P. 60 in his motion. More than 10 days have passed since the Court awarded the judgment from which Mr. McIntosh seeks relief, so the motion cannot be considered as one to amend the judgment under Fed. R.Civ.P. 59. The Court will consider this motion, then, as one under Rule 60(b).

Much of the background against which this motion must be considered is set out in the Court's Memorandum Opinion filed on January 25, 1991 in these actions. [Doc. 539 in no. CIV 3–88–0409; doc. 157 in no. CIV 3–88–0943.] When the trial of the plaintiffs' claims in these and other, related actions against defendants other than BET

resulted in a hung jury, several plaintiffs, including Mr. McIntosh, sought from this Court a certification under 28 U.S.C. § 1292(b) which would allow them to seek an interlocutory appeal from the judgment rendered against them upon the Court's directed verdict on their claims against BET. [Doc. 467 in no. CIV 3-88-0409.] The Court did not make such a certification, but, instead, in a Memorandum and Order filed on April 26, 1990 [doc. 503 in no. CIV 3-88-0409], determined under Fed. R.Civ.P. 54(b) that there was no just reason to delay the entry of a final judgment dismissing these plaintiffs' claims against BET. It is clear from this Memorandum and Order that, in making this determination under Rule 54(b), the Court was enabling the plaintiffs to appeal from the judgment against them upon the directed verdict in favor of BET. This Memorandum and Order concludes, "The Clerk is directed to enter *final* judgments upon these directed verdicts, dismissing the remaining plaintiffs' claims against the Bank of East Tennessee in this civil action." (Emphasis added.) In obedience to this direction, on April 27, 1990, the Clerk entered a judgment dismissing civil action no. CIV 3-88-0409 "as to the Defendant, Bank of East Tennessee." [Doc. 505 in no. CIV 3-88-0409.] The judgment upon the directed verdict in favor of BET was also entered in civil action no. CIV 3-88-0943. [Doc. 149.]

As is recited in the Court's Memorandum Opinion filed in these actions on January 25, 1991 [doc. 539 in no. CIV 3-88-0409; doc. 157 in no. CIV 3-88-0943], after the Court made its determination under Rule 54(b) in civil action no. CIV 3-88-0409, the Court dismissed the remaining claims in civil action no. CIV 3-88-0943 so as not to have duplicate civil actions pending on its docket. This dismissal without prejudice was pursuant to the Court's show-cause Order filed on March 13, 1990 in civil action no. CIV 3-88-0943 [doc. 144], in which the Court stated in part,

> The only plaintiffs who remain in this civil action are Robbin Smith and Wayne McIntosh. There also remains pending a counterclaim filed by Lloyd Swift, Swift Thoroughbred Farms, All American Thoroughbred, and Swift Thoroughbred, Inc. ("the Swift defendants") against Wayne McIntosh. However, Robbin Smith and Wayne McIntosh intervened as plaintiffs in *Paul Gramlich, et al. v. Lloyd Swift, et al.*, no. CIV 3-88-0409 in this Court, in which the Swift defendants are, among others, party defendants. The parties are therefore ORDERED to SHOW CAUSE in writing before April 25, 1990 why this civil action should not be dismissed without prejudice in light of the similar claims which remain pending in no. CIV-3-88-0409.

When BET made it appear to this Court that Mr. McIntosh was attempting to relitigate in a State court issues concluded by this Court's award of a judgment for BET upon its directed verdict against Mr. McIntosh, this Court amended the Order dismissing civil action no. CIV 3-88-0943 to provide that that dismissal was with prejudice, so that the State court would not be confused about what had been litigated to a conclusion by Mr. McIntosh and BET. [*See* the Court's Memorandum Opinion and Order filed on January 25, 1991: docs. 539 and 540 in no. CIV 3-88-0409; docs. 157 and 158 in no. CIV 3-88-0943.] Mr. McIntosh now contends that he was misled by the dismissal without prejudice of civil action no. CIV 3-88-0943 into believing that there was no final judgment upon the directed verdict concluding his claim against BET in this litigation, from which he had to take an appeal to the Court of Appeals for the Sixth Circuit with the time allowed by applicable law. Counsel for Mr. McIntosh, during argument on the motion now under consideration, spoke of his "misapprehension" of the effect of the dismissal without prejudice of civil action no. CIV 3-88-0943. Mr. McIntosh asks, in the motion now under consideration, that "the Court . . . withdraw McIntosh's requests for final judgments for purposes of appeal, and further . . . voluntarily dismiss all of his claims to the end that this case might be reached and concluded in [the State court]."

It is evident from the history of this litigation, and from the argument made by Mr. McIntosh in his motion now under con-

sideration, that the only provisions of Rule 60(b) which might be used to grant him relief are Rule 60(b)(1), which allows relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," and Rule 60(b)(6), which allows such relief for "any other reason justifying relief from the operation of the judgment." It is also evident that the reason why Mr. McIntosh wants relief from the judgment entered against him on the directed verdict in favor of BET is that he failed to appeal to the Court of Appeals for the Sixth Circuit from the judgment rendered in favor of BET and made final under Rule 54(b) at his and others' request. To grant the relief sought would therefore be to use Rule 60(b) as a vehicle for expanding the time within which Mr. McIntosh might appeal from the judgment awarded BET upon the directed verdict. While Mr. McIntosh in his motion now under consideration asks for more—that this Court treat the litigation in this Court of his claim against BET as if it never happened, leaving him free to relitigate it in a State court—no ground for such extraordinary relief has been shown. The most for which Mr. McIntosh can hope under Rule 60(b) is to undo the Rule 54(b) determination that led to the entry of a final judgment dismissing his claim against BET, which would have the effect of making the judgment upon the directed verdict in favor of BET subject once again to an appeal by Mr. McIntosh, once his still-pending claims in civil action no. CIV 3–88–0409 against other defendants have been litigated to a conclusion.

The time within which a litigant must file a notice of appeal is stated clearly in Fed. R.App.P. 4(a)(1). Fed.R.App.P. 4(a)(5) permits a district court to extend the time for filing a notice of appeal, but only upon a motion filed within a stated time limit, and only for a period of time prescribed by the rule. It is clear from the records in these civil actions that the time within which Mr. McIntosh might have filed a Fed.R.App.P. 4(a)(5) motion has long since passed.

Rule 60(b) cannot be used to extend the time for filing a notice of appeal, or "to provide an avenue of challenges of mistakes of law that should ordinarily be raised by timely appeal." *Pryor v. United States Postal Service,* 769 F.2d 281, 286 (5th Cir.1985) (citations omitted). *See also International Controls Corp. v. Vesco,* 556 F.2d 665, 670 (2d Cir.1977), *cert. denied, sub nom. Vesco & Co., Inc. v. International Controls Corp.,* 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978) (citations omitted) (a motion under Rule 60(b)(1) to correct a mistake of substantive law by the court cannot be made after the time for appeal has elapsed; the appellant could not use a Rule 60(b)(1) motion directed at alleged error in the date as of which an order was entered *nunc pro tunc* to "obtain ... apparently its principal objective, a reentry of the underlying judgment so that an appeal therefrom may be taken").

*United States v. O'Neil,* 709 F.2d 361 (5th Cir.1983), involved a situation analogous to that in the case at bar. In *O'Neil,* the United States, through the Department of Agriculture, sued several farmers to recover alleged overpayments made under a cotton price support program. The farmers counterclaimed, seeking damages for having been placed on the Federal Debt Register. The district court, in ruling upon motions for summary judgment, dismissed the government's claims against the farmers in judgments which recited that the farmers' counterclaims against the United States were "severed from the cause[s] of action alleged by [the United States] and will be tried separately and at a later date."

Counsel for the government did not understand that this was a Fed.R.Civ.P. 21 severance of the claims and counterclaims, which had the effect of making the summary judgments dismissing the government's claims final. Because of this misunderstanding, believing instead that the Court had acted under Fed.R.Civ.P. 42(b), the government did not take timely appeals from the judgments dismissing its claims against the farmers. When counsel for the government came to understand their dilemma, the government sought Rule 60(b) relief, which the district court denied.

The Court of Appeals for the Fifth Circuit cited the established rule that "a Rule 60(b) motion may not substitute for a time-

ly appeal." 709 F.2d at 372 (citations omitted). The Court of Appeals recognized that the government had erred in good faith, but ruled that the district curt had not abused its discretion in denying the Rule 60(b) relief sought by the government. The Court of Appeals held that any gross carelessness, ignorance of law or of the rules, or misjudgment on the part of counsel for the government was not sufficient mistake, inadvertence, surprise, or excusable neglect for the purposes of Rule 60(b)(1), and that the government had not shown a basis for Rule 60(b)(6) relief. *Id.* at 373 and n. 12 (citations omitted).

The Court of Appeals for the Second Circuit similarly upheld a district court's exercise of discretion in denying Rule 60(b)(6) relief in *International Controls Corp. v. Vesco, supra,* 556 F.2d at 670–71 (citations omitted). In *Pryor v. United States Postal Service, supra,* 769 F.2d at 288–89 (citations omitted), the Court of Appeals for the Fifth Circuit recognized that the effect of denying Rule 60(b) relief might be to penalize a litigant for counsel's error, but stated,

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.... While we are sympathetic to the plight of a client prejudiced by his attorney's inadvertence or negligence, the proper recourse for the aggrieved client ... is to seek malpractice damages from the attorney.

*See also Peake v. First National Bank and Trust Company of Marquette,* 101 F.R.D. 544 (W.D.Mich.1984) (citations omitted) (counsel's error in believing that the untimely filing of a Fed.R.Civ.P. 59 motion tolled the running of the 30–day period for filing a notice of appeal under Fed. R.App.P. 4(a)(1) was not a unique or extraordinary circumstance which justified Rule 60(b)(1) relief, and did not justify Rule 60(b)(6) relief; in order for Rule 60(b)(6)

relief to be available, "some other reason than those covered in [Rule 60(b)(1)–(5) ] must be present").

In a somewhat related context, in *Woods v. Baltimore and Ohio Railroad Company,* 441 F.2d 407 (6th Cir.1971), the Court of Appeals held that a district court could not vacate a prior order, from which no application for permission to appeal was timely filed, and then refile its order for the sole purpose of permitting the party wishing to take an appeal to make a timely application, so as to enable the Court of Appeals to acquire jurisdiction to consider an application for an interlocutory appeal. While the rule of *Woods v. Baltimore and Ohio Railroad Company* has been called into question, *see Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 161–62, 104 S.Ct. 1723, 1730–31, 80 L.Ed.2d 196 (1984) (Stevens, J., dissenting), the Court of Appeals' decision has not been overruled.

The authorities reviewed convince this Court that Mr. McIntosh has not shown any adequate justification for awarding him relief under Fed.R.Civ.P. 60(b)(1) or (6) from the judgment upon a directed verdict dismissing his claim against BET. For the reasons stated, the Court will deny Mr. McIntosh's motion.