67 F.3d 300
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David A. RICE, doing business as Budget Enterprises; Sally
Rice, Plaintiffs-Appellants,
v.
CONSOLIDATED RAIL CORPORATION, also known as Conrail,
Defendants-Appellees.
 No. 94-3963.
 United States Court of Appeals, Sixth Circuit.
 Sept. 27, 1995.
 
 Before: MILBURN and NELSON, Circuit Judges; and MORTON,* District Judge.
 MILBURN, Circuit Judge.
 
 
 1
 Plaintiffs David A. Rice and Sally Rice appeal the district court's denial of their motion for relief from the district court's grant of summary judgment in favor of defendant Consolidated Rail Corporation ("Conrail") in this diversity action in which plaintiff David A. Rice alleged that he was injured on defendant's property as a result of the negligence and wanton misconduct of defendant's employees. Plaintiff Sally Rice asserted a claim for the loss of her husband David Rice's consortium. On appeal, the issue is whether the district court abused its discretion in denying plaintiffs' motion for relief from the judgment pursuant to Federal Rules of Civil Procedure ("Fed.R.Civ.P.") 60(b)(1) and (6). For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Ballast is a hard limestone material upon which railroad ties and rails rest. On May 9, 1989, defendant Conrail was removing ballast from one of its tracks located south of Salem, Ohio, through a process known as undercutting. In the process, an undercutting machine lifted the railroad ties, sifted the old ballast, and removed that which was unusable by a conveyor belt that dumped the old ballast off the end of the belt into trucks that were positioned beneath it. Plaintiff David A. Rice ("Rice") entered defendant's property in order to load his flat bed truck with used ballast. Although defendant did not advertise the availability of the ballast or invite members of the public onto its right-of-way, where the used ballast was piled, it did permit private persons to enter its property and haul away the used ballast at no charge. Rice stated in his deposition that he had been obtaining ballast from defendant in this manner for several years and that the availability of the ballast was well-known among residents of the area.
 
 
 3
 After entering defendant's property somewhere between the Lincoln Avenue and Cunningham Street crossings and after allegedly being motioned forward by one of defendant's employees, Rice began driving on defendant's right-of-way. Rice was travelling between two sets of tracks, the active track, on which trains were travelling, and the track on which the undercutting operations were being conducted. At the time, the undercutting machinery was situated on Rice's left, and the active track was on his right. Rice stated that he was waved forward by one of defendant's employees after the truck in front of him had received a full load. The undercutting machine did not stop operating but continued the process of removing the used ballast. Consequently, the machine dumped some of the used ballast on the ground before Rice could situate his truck under the conveyor. This created a small pile of ballast in front of Rice's truck, which Rice had to traverse in order to position the truck so as to allow dumping directly into the truck bed. As Rice drove his truck over the pile of ballast, the vehicle tilted to the right, apparently encroaching upon defendant's active track. At the same time, a train was approaching on that track. The front engine of the train struck the right rear corner of Rice's truck, causing injury to Rice and damage to his truck. Rice claimed that he was permanently injured as a result of the accident; his wife, Sally Rice, asserted a claim for loss of consortium.
 
 
 4
 The accident at issue occurred during Rice's sixth trip to defendant's property that day. Rice stated that defendant's employees controlled the positioning of trucks on the property as well as the loading of the used ballast on those trucks. However, he conceded that defendant's employees had previously warned him to keep his truck away from defendant's active track. He also admitted that he knew that a train passed through the area in which he was driving every 45 to 60 minutes. He had encountered trains on the same track on each of his five previous visits to the site that day.
 
 B.
 
 5
 Plaintiffs commenced an action in the Court of Common Pleas of Columbiana County, Ohio, on May 1, 1991, seeking to recover damages allegedly incurred in the accident on defendant's property. Defendant subsequently filed a motion for summary judgment. Defendant argued that Rice was a licensee at the time he was on defendant's property and that defendant owed Rice no duty except to refrain from wantonly or willfully injuring him. Because plaintiffs' complaint asserted only claims based on negligence, defendant argued that plaintiffs had failed to assert the breach of any duty defendant owed them. Plaintiffs dismissed the action without responding to defendant's motion.
 
 
 6
 Plaintiffs filed a second state court action on July 13, 1993. In the second complaint, plaintiffs asserted claims based on both negligence and willful misconduct. Defendant removed the action to federal court on the basis of diversity of citizenship on August 17, 1993. A case management conference was held on December 16, 1993, at which time the parties set deadlines for designating expert witnesses and conducting discovery. Plaintiffs assert that at the conference, defendant indicated that it would not file a motion for summary judgment because "this was a situation where it would become a battle of the experts and genuine issues of material fact would exist." Plaintiffs' Brief at 4. Furthermore, plaintiffs state that the law clerk presiding at the meeting announced that dispositive motions would not be ruled upon until the conclusion of discovery, scheduled for April 2, 1994. However, at oral argument, both parties conceded that there was no discussion about plaintiff's not filing a response to a motion for summary judgment in the event that such a motion was filed.
 
 
 7
 Nonetheless, defendant moved for summary judgment on December 27, 1993. Plaintiffs did not respond to defendant's motion because they allegedly relied upon the representations made at the case management meeting. The district court granted summary judgment in favor of defendant on February 3, 1994, finding that Rice had been a licensee on defendant's property and that defendant had not breached any duty to Rice. Plaintiffs did not appeal the grant of summary judgment to defendant. Instead, plaintiffs filed a motion under Fed.R.Civ.P. 60(b)(1) and (6) for relief from the district court's judgment or, in the alternative, for reconsideration of the district court's order granting summary judgment. The district court denied the motion on August 8, 1994, finding that plaintiffs' failure to oppose defendant's motion for summary judgment did not constitute excusable neglect or mistake. This timely appeal followed.[1]
 
 II.
 A.
 
 8
 Plaintiffs argue that the district court abused its discretion in denying their motion for relief from the judgment or, in the alternative, for reconsideration of the order granting summary judgment in favor of defendant. Plaintiffs assert that they have demonstrated a meritorious defense to defendant's motion and that their failure to respond to the motion was the result of mistake, inadvertence, surprise, or excusable neglect under Fed.R.Civ.P. 60(b)(1) because it was based on representations allegedly made at the case management meeting by the law clerk presiding at the meeting and by defendant's counsel. Plaintiffs also assert that in denying them relief from the judgment, the district court failed to balance the relevant interests of the parties or account for the special circumstances.
 
 
 9
 Determinations made pursuant to Fed.R.Civ.P. 60(b) are left to the sound discretion of the district court, and we will not find error in a district court's decision unless there is a clear abuse of discretion. Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir.1980). An abuse of discretion is apparent when the appellate court is "firmly convinced" that the lower court has erred. Bush v. Rauch, 38 F.3d 842, 848 (6th Cir.1994); Davis v. Jellico Community Hosp. Inc., 912 F.2d 129, 133 (6th Cir.1990). " 'A district court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard.' " Black Law Enforcement Officers Ass'n v. City of Akron, 824 F.2d 475, 479 (6th Cir.1987) (quoting Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir.), cert. dismissed, 469 U.S. 1200 (1985) (citations omitted)).
 
 
 10
 Following the district court's grant of summary judgment to defendant, plaintiffs filed a motion requesting relief from the judgment or, in the alternative, reconsideration of the order granting summary judgment pursuant to Fed.R.Civ.P. 60(b)(1) or (6). Rule 60(b) allows the district court to
 
 
 11
 relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment.
 
 
 12
 Fed.R.Civ.P. 60(b). In order to establish eligibility for relief under Fed.R.Civ.P. 60(b)(1), a moving party must show "(1) The existence of mistake, inadvertence, surprise, or excusable neglect[, and] (2) That he has a meritorious defense." Marshall, 615 F.2d at 1160. Rule 60(b)(6) is available as a ground for relief only in exceptional circumstances and can only be relied upon in circumstances that are not covered by the first five subsections of Fed.R.Civ.P.60(b). Fuller v. Quire, 916 F.2d 358, 360 (6th Cir.1990); In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986). In any case, the moving party bears the burden of demonstrating that the facts fall under the provisions of Fed.R.Civ.P. 60(b). Smith v. Kincaid, 249 F.2d 243, 245 (6th Cir.1957).
 
 
 13
 The district court found that plaintiffs' failure to respond to defendant's motion for summary judgment "d[id] not constitute mistake, inadvertence, surprise, or excusable neglect," J.A. 24, despite the fact that defendant had allegedly stated at the case management meeting that it would not file a summary judgment motion and despite an alleged representation that dispositive motions would be ruled on only after the deadline for discovery. The district court based its decision on Local Rule 8:8.1(d), which provides that each party opposing a motion is required to file a memorandum of opposition within 10 days after receipt of the original motion. The rule also expresses a preference for deciding motions on the basis of the parties' submissions, without the necessity for hearings on such motions.
 
 
 14
 A district court is entitled to promulgate rules governing its operation so long as those rules are not inconsistent with federal rules. United States v. Warren, 601 F.2d 471, 473 (9th Cir.1979) (per curiam); Fed.R.Civ.P. 83. Ignorance of such rules does not constitute excusable neglect. Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir.1984); see Swimmer v. Internal Revenue Serv., 811 F.2d 1343, 1345 (9th Cir.1987); Byrd v. City of Fayetteville, 110 F.R.D. 71, 73 (E.D.N.C.1986), aff'd, 819 F.2d 1137 (4th Cir.1987). An attorney is charged with knowing and understanding the rules of the courts in which he practices. See Swimmer, 811 F.2d at 1345; Byrd, 110 F.R.D. at 73. In this case, plaintiffs' attorney clearly failed to comply with the terms of rule 8:8.1(d). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." Warren, 601 F.2d at 474. This is not such a case.
 
 
 15
 The district court found that "[p]laintiff's [sic] counsel simply neglected to respond to defendant's motion for summary judgment. Defense counsel filed this motion despite informing plaintiff's [sic] counsel that he would not do so. This should have put plaintiff's [sic] counsel on notice that some type of action on his part would be necessary." J.A. 25. Plaintiff's attorney deliberately chose to rely on alleged representations that were not part of the court record, despite the fact that this course of action contradicted local rules of court as well as Fed.R.Civ.P. 56. " 'Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise.' " Salem Mortgage, 791 F.2d at 459 (quoting Federal's Inc. v. Edmonton Inv. Co., 555 F.2d 577, 583 (6th Cir.1977)). Furthermore, even though plaintiffs believed that defendant's motion would not be ruled upon until after the conclusion of discovery, this in no way negated their obligation to respond to the motion. Thus, plaintiffs waived any protection against defendant's summary judgment motion by failing to respond to it.
 
 
 16
 Plaintiffs argue that denying relief on these grounds contradicts our statement in Salem Mortgage that
 
 
 17
 "Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision of the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims.... The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct."
 
 
 18
 Salem Mortgage, 791 F.2d at 459-60 (quoting Blois v. Friday, 612 F.2d 938, 940 (5th Cir.1980)). We disagree. Plaintiffs' counsel deliberately neglected to respond to defendant's motion for summary judgment, despite his knowledge that the motion had been filed and in violation of Local Rule 8:8.1(d). As we stated earlier, plaintiffs may have been told that dispositive motions would not be considered until after the conclusion of discovery, but they were not relieved of the obligation to respond to such motions. In addition, we find no authority suggesting that the district court should have advised plaintiffs' attorney of the right or obligation to file responsive motions. Plaintiffs' failure to respond amounts to more than a technical error or slight mistake by counsel. Accordingly, this is not a case in which relief must be granted in order to achieve substantial justice.
 
 
 19
 Plaintiffs also fail to establish inadvertence, surprise, or mistake. Plaintiffs do not assert that they carelessly overlooked the duty to respond or that they were not informed that defendant's motion had been filed. They simply argue that they did not believe a response was necessary in light of the representations allegedly made at the case management meeting. However, we conclude that when plaintiffs were served a copy of defendant's motion, they were put on notice that some action was expected of them. Plaintiffs could have requested clarification of the local rules in light of the representations they had allegedly received, or, at the very least, contacted the law clerk who had presided at the meeting. However, plaintiffs chose to proceed on the basis of their own assumptions. Accordingly, we fail to see how plaintiffs can argue that they deserve a remedy based on their surprise, inadvertence, or mistake.
 
 
 20
 Furthermore, we conclude that the district court's decision complied with the provisions of Fed.R.Civ.P. 56, which provides that
 
 
 21
 [a] party against whom a claim ... is asserted ... may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.
 
 
 22
 ....
 
 
 23
 ... When a motion for summary judgment is supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.
 
 
 24
 Fed.R.Civ.P. 56(b) and (e). In this case, defendant filed a motion for summary judgment supported by Rice's deposition testimony. After plaintiffs failed to respond to the motion, the district court reviewed defendant's submissions and ruled that defendant had shown that no genuine issue of material fact existed and that defendant was entitled to judgment as a matter of law. The district court's memorandum and order demonstrates that it did not award summary judgment to defendant merely because plaintiffs failed to respond but instead carefully considered the evidence put forth by defendant and concluded that in light of plaintiff's failure to produce evidence in support of their claims, summary judgment was appropriate as a matter of law. See Smith v. Hudson, 600 F.2d 60, 64-65 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 25
 This action differs from those cases plaintiffs rely upon that involve default judgments entered pursuant to Fed.R.Civ.P. 55. See, e.g., Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 193-95 (6th Cir.1986); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844-46 (6th Cir.1983); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir.1982). In those cases, the district court looks to the existence of "good cause" for the default. When a party appeals the entry of judgment by default, the standards listed in Fed.R.Civ.P. 60(b) may supply good cause. Plaintiffs correctly note that in United Coin, this court adopted a three-factor test to govern the exercise of a district court's discretion in granting relief from a judgment by default. In that case, we held that a district court must look to the presence of prejudice to the plaintiff, the existence of a meritorious defense, and the culpability of the conduct that led to the default. United Coin, 705 F.2d at 845. However, these factors are relied on by courts faced with default judgments, not in cases where relief is requested from a grant of summary judgment, a decision based on the merits of an action. In this case, the district court did not enter a judgment by default but reviewed the merits of defendant's motion. Cf. Buck v. United States Dep't of Agric., 960 F.2d 603, 607 (6th Cir.1992) (refusing to apply the test set forth in United Coin to plaintiff's failure to prosecute because plaintiff had already had the opportunity to set forth his claims for review by the court). In addition, it was not necessary for the district court to consider these factors because of its conclusion that plaintiffs could not establish any of the conditions listed in Fed.R.Civ.P. 60(b)(1).[2]
 
 
 26
 Plaintiffs also argue that they are entitled to relief under Fed.R.Civ.P. 60(b)(6), which grants the district court authority to take action for "any other reason justifying relief from judgment." Fed.R.Civ.P. 60(b)(6). "Subpart (6) ... 'confers broad discretion on the trial court to grant relief when "appropriate to accomplish justice." ' " Matarese v. LeFevre, 801 F.2d 98, 106 (2d Cir.1986) (quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 n. 2 (2d Cir.1977), cert. denied, 434 U.S. 1014 (1978)), cert. denied, 480 U.S. 908 (1987). It is invoked only when exceptional circumstances are present. Ackermann v. United States, 340 U.S. 193, 199 (1950). Plaintiffs' contention that the district court misapplied Ohio law regarding invitees and licensees does not provide the kind of exceptional circumstance that justifies application of Fed.R.Civ.P. 60(b)(6) because a motion for relief or reconsideration is not a substitute for appeal. Matarese, 801 F.2d at 107. Thus, we conclude that " '[t]he failure to respond to a motion for summary judgment or to request an extension of time to file a response thereto is inexcusable neglect,' " Kendall, 751 F.2d at 175 (quoting Joint Appendix at Document 10, p. 2), and the district court's decision to deny plaintiff's motion for relief from the judgment does not constitute an abuse of discretion.
 
 III.
 
 27
 For the reasons stated, the district court is AFFIRMED.
 
 
 
 *
 Honorable L. Clure Morton, United States District Judge for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 Accordingly, this appeal does not concern the propriety of the district court's grant of summary judgment in favor of defendant. Rather, this appeal is premised on the district court's alleged abuse of discretion in refusing to set aside its judgment. See Browder v. Director, Dep't of Corrections of Illinois, 434 U.S. 257, 263 n. 7 (1978)
 
 
 [2]
 Plaintiffs devote a substantial portion of their brief on appeal to demonstrating the existence of a meritorious defense. Such a showing is essential to establishing a claim for relief under Fed.R.Civ.P. 60(b)(1). Marshall, 615 F.2d at 1160; Rooks v. American Brass Co., 263 F.2d 166, 168-69 (6th Cir.1959) (per curiam). However, in this case it is not necessary to determine the presence of such a defense because we conclude that plaintiffs cannot establish the presence of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1)