## CONTINENTAL CASUALTY CO. v. LITTLE.
### No. 11464.

Circuit Court of Appeals, Fifth Circuit.
Jan. 7, 1946.

M. S. McCorquodale, of Houston, Tex., for appellant.

W. A. Combs, of Houston, Tex., for appellee.

Before WALLER and LEE, Circuit Judges, and WILSON, District Judge.

WALLER, Circuit Judge.

The testimony was that plaintiff, a manual laborer employed by Houston Poster Advertising Company, on September 14, 1943, sustained an injury to his back, in the course of his employment, from which a hernia also developed. Medical attention was supplied by appellant and compensation paid at the rate of $20 per week for a period of approximately five weeks, after which he worked steadily some four months. Later he was unable to work, on account of his injury, for a period of about six weeks, during which he again received from the insurer medical treatment and compensation at the rate of $20 per week. Promoted to foreman with lighter work and an increase in wages, he returned and worked steadily from April 10, 1944, to September 14, 1944. Upon the anniversary of his injury he quit work.

Plaintiff filed suit under Workmen's Compensation Laws of Texas, Vernon's Ann.Civ.St. Art. 8306 et seq., for compensation for total and permanent disability. He alleged that he was injured on September 14, 1943, and thereafter suffered periods of total temporary disability, for which he had been compensated, but that he became totally and permanently disabled on September 14, 1944.

No general verdict was returned. The case was submitted to the jury on the following special issues,[1] among others:

Question No. 4. "If you have found that plaintiff sustained any incapacity to work as a result of the accident of September 14, 1943, answer the following questions:

"(a) Do you find from a preponderance of the evidence that such incapacity to work was total for any period of time?" To which the jury answered: "Yes."

"(b) If you have found that such incapacity to work was total, for how many

---

[1] Rule 49(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

weeks, if any, do you find from a preponderance of the evidence that such total incapacity has continued or will continue?" To which the jury returned no answer.

"(c) If you have found that such total incapacity to work has continued or will continue for any number of weeks, what do you find from a preponderance of the evidence to be the dates on which such period or periods of total incapacity began and ended, or will begin and end?" To which the jury answered: "September 14, 1943, and continuing indefinitely."

The Court entered judgment on the basis of total permanent incapacity beginning September 14, 1944, instead of September 14, 1943, the date fixed by the jury. Plaintiff's pleadings and evidence were that he became disabled September 14, 1944, and the judgment was merely made to conform to the Plaintiff's pleadings and evidence.

The Texas Compensation Law provides that compensation shall be paid for a period of 401 weeks from the date of the injury for total and permanent incapacity. Since it appeared from the Plaintiff's pleadings and evidence that he was not totally and permanently disabled until a year after the date of his injury, the Court entered judgment for 401 weeks from the date of the injury, less the 52 weeks between the date of the injury and the date of his total disability, or for a total period of 349 weeks, payable in a lump sum, as directed by the jury.[2]

■ In the rendition of the special verdicts the jury found these essentials: (1) That the Plaintiff was totally and permanently disabled; (2) the time when such

disability began; and (3) that his compensation should be in a lump sum. With these essential answers of the jury before it, the Court was thereupon equipped, and expected,[3] to enter whatever judgment was appropriate and to correct errors which are merely clerical, such as we construe this to be. The fact that the Plaintiff became totally and permanently disabled one year earlier than that alleged in his complaint does not prevent the Court from refusing to include a recovery for that year in the light of the pleadings and the evidence. A judge, in entering an appropriate judgment on special verdicts, may not go beyond the scope of the facts embraced in such verdicts, but it should not be held that, even though the litigant for whom a favorable special verdict has been rendered acquiesces, the court is without power to grant less than the full relief which such special verdict had authorized. The Plaintiff here has acquiesced in reducing the period for the recovery of disability payments from 401 weeks to 349.

■ The greater includes the lesser, and if the Plaintiff was totally and permanently disabled at a date earlier than that on which he claimed to have been totally and permanently incapacitated, it is difficult to see how the Defendant was injured when compensation for that additional year of disability was refused.

Plaintiff could not recover more than he sued for. He could not recover for disability occurring prior to the time that he alleged that he was permanently disabled. If a failure to send the jury back for the purpose of correcting its verdict was error, it was harmless[4] because the trial Court,

---

[2] " 'Is this a special case in which manifest hardship and injustice will result to plaintiff, if the compensation, if any, to which he is entitled as a result of the injury sustained by him on September 14, 1943, is not paid to him in one lump sum rather than in weekly instalments?', to which the jury answered 'yes'." (R. 35.)

[3] Rule 58, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c:

"Unless the court otherwise directs, judgment upon the verdict of a jury shall be entered forthwith by the clerk; but the court shall direct the appropriate judgment to be entered upon a special verdict or upon a general verdict accompanied by answers to the interrogatories returned by a jury pursuant to Rule 49. * * *"

Rule 60(a) id.:

"Clerical Mistakes. Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."

[4] Rule 61 id.;

"No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying, or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The

in computing the judgment, deducted 52 weeks' compensation from the total of 401 weeks allowed by the Act. The only person who could .have been harmed thereby was the Plaintiff.

If the action of the trial Judge of which Appellant so strenuously complains was error, it was harmless error. The judgment is

Affirmed.

court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."