St. Clair E. MILLER, Plaintiff-Appellant,

v.

AMERICAN EXPORT LINES, INC.,

and

Personnel Physician, American Export Lines, Inc., Defendants-Appellees.

No. 236, Docket 27912.

United States Court of Appeals Second Circuit.

Argued Jan. 31, 1963.

Decided Feb. 8, 1963.

St. Clair E. Miller, *pro se*, appellant.

Stephen K. Carr, of Haight, Gardner, Poor & Havens, New York City, (J. Ward O'Neill, New York City, of counsel) for appellee.

Before LUMBARD, Chief Judge, and SMITH and HAYS, Circuit Judges.

PER CURIAM.

Appellant, proceeding *pro se*, filed a complaint which though inartistically drafted, appears to have alleged a cause of action for wrongful denial of employment, in violation of a Working Agreement between the National Maritime Union, of which appellant is a member, and the appellee corporation. On August 15, 1962, appellees moved for summary judgment. Thereafter, on September 16, 1962 appellant filed an amended complaint as of right [1] apparently alleging a cause of action for defamation, as well as a claim of wrongful denial of employment. On October 16, 1962, the district court granted defendant's motion for summary judgment and ordered the action dismissed.

On the hearing of this appeal before us it developed that the district court at the time that it passed on the motion for summary judgment as to the first complaint was not aware of the fact that the plaintiff had filed an amended complaint.

Since the court did not have the amended complaint before it, its ruling dismissed a complaint that had already been withdrawn and the judgment was a nul-

---

[1]. Pursuant to Fed.R.Civ.P. 15(a) "a party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *." A motion for summary judgment is not a "responsive pleading" within the meaning of Rule 15(a). Fed.R.Civ.P. 7(a); see Rogers v. Girard Trust Co., 159 F.2d 239 (6th Cir., 1947); 3 Moore, Federal Practice 825–26 (1948).

lity.  Cf. Park-In Theatres, Inc. v. Paramount-Richards Theatres, Inc., 9 F.R.D. 267, 269 (D.Del.1949); Angelini v. Merchants Despatch Transport Co., 253 App. Div. 506, 3 N.Y.S.2d 493 (4th Dept. 1938).

The appeal must therefore be dismissed.

Appeal dismissed.