**INTERNATIONAL CONTROLS CORP.,**
**Plaintiff-Appellee,**

v.

**Robert L. VESCO et al., Defendants,**

**and**

**Vesco & Co., Inc., Defendant-Appellant.**

**No. 811, Docket 76–7580.**

United States Court of Appeals,
Second Circuit.

Argued April 6, 1977.

Decided June 3, 1977.

**666**

Albert G. Besser, Newark, N. J. (Arum, Friedman & Katz, New York City, Hannoch, Weisman, Stern & Besser, Robert C. Epstein, Newark, N. J., of counsel), for defendant-appellant.

Milton S. Gould, New York City (Sheldon D. Camhy, Daniel L. Carroll, Dean G. Yu-

zek, Shea, Gould, Climenko & Casey, New York City, of counsel), for plaintiff-appellee.

Before OAKES, Circuit Judge, and WYZANSKI * and HOLDEN,** District Judges.

OAKES, Circuit Judge:

The litigation between International Controls Corp. (ICC) and Robert L. Vesco has been before this court on several prior occasions, two of which resulted in published opinions, *ICC v. Vesco*, 490 F.2d 1334 (2d Cir.), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 236 (1974); *ICC v. Vesco*, 535 F.2d 742 (2d Cir. 1976). In the earlier of these, Chief Judge Kaufman wrote of "the multifarious financial manipulations of Robert Vesco" and referred to "a web of corporate and personal transactions of astonishing intricacy." 490 F.2d at 1338. While those transactions are not before us in the instant appeal, it was Mr. Vesco's "multifarious manipulations" that led him to absent himself from this country and to be unavailable for service of process. This persistent refusal to appear in any American court is the single most important contributing cause to the procedural problems that have culminated in this appeal, which is from an order denying a motion to vacate judgment entered in the United States District Court for the Southern District of New York, Charles E. Stewart, Jr., *Judge*. We affirm.

The underlying facts are set forth in the two earlier opinions of this court. It suffices here to state that ICC filed its initial complaint in June, 1973, and an amended complaint in September, 1973. In October, 1973, the district court entered a default judgment against Vesco, without any specification of damages; in July, 1974, a second default judgment, specifying some damages, was entered. ICC sought to satisfy these personal judgments against Vesco with assets of Vesco & Co. (the Company or appellant). The district court, in August, 1975, issued an execution order that pierced the corporate veil on the ground that the Company, wholly owned by Vesco and his children, is the alter ego of Vesco. An appeal from this order raised problems about the finality of the judgments on which it was based, and in May, 1976, this court remanded for clarification and the entry of a new judgment. The court did not reach the question of the validity of the alter ego ruling. 535 F.2d at 749.

It is the judgment on remand, issued by the district court in late May, 1976, that was the subject of the Company's motion to vacate below. Initially, the Company filed an appeal from that judgment nine days out of time, and this court accordingly dismissed the appeal as untimely. Alleging excusable neglect, the Company then moved in the district court for an extension of time within which to file the appeal, pursuant to Fed.R.App.P. 4(a). Judge Stewart denied the motion, and no appeal from that denial was taken. At about the same time, the Company moved for vacation of the judgment under Fed.R.Civ.P. 60(b),[1] appealing to the court's discretion

---

* Senior Judge of the United States District Court for the District of Massachusetts, sitting by designation.

** Chief Judge of the United States District Court for the District of Vermont, sitting by designation.

1. Fed.R.Civ.P. 60(b) provides in pertinent part:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment order, or proceeding was entered or taken.

and sense of justice[2] and alleging as well that the judgment was void because it was entered on the original complaint, which had been superseded and rendered *functus officio* by the amended complaint, and that the judgment was entered *nunc pro tunc* as of an erroneous date.[3] The district court rejected all of the Company's arguments and denied the motion. This appeal followed.

### Reliance on the Original Complaint

The judgments issued by the district court in this case, all of which were incorporated by reference into the May, 1976, judgment challenged here, were based on ICC's original complaint, filed in June, 1973. Pri-

or to any of the judgments, however, ICC filed an amended complaint in September, 1973. The district court found that the amended complaint was not properly served on Vesco, a finding not challenged by appellant here. The amended complaint, moreover, had to be served on Vesco personally, despite his failure to appear, because it asserted "additional claims for relief." Fed.R.Civ.P. 5(a). These somewhat unusual facts leave us with an apparent question of first impression.

■ It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect. *See, e. g., Washer v. Bullitt County,* 110 U.S.

*Martina Theatre Corp. v. Schine Chain Theatres, Inc.,* 278 F.2d 798, 801 (2d Cir. 1960) (power of defrauded court to expunge judgment sua sponte). *See also Herzog & Straus v. GRT Corp.,* 553 F.2d 789, 792 (2d Cir. 1977) (power of court to grant summary judgment sua sponte after notice).

**2.** Appellant's notice of motion referred only to Fed.R.Civ.P. 60(b)(6), which confers broad discretion on the trial court to grant relief when "appropriate to accomplish justice," *Klapprott v. United States,* 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (plurality opinion of Black, J.), *modified on other grounds,* 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949); *see* 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2864, at 211–12 (1973). The notice did not refer to Rule 60(b)(4), which authorizes relief from void judgments, nor to Rule 60(b)(1), which authorizes relief on the ground of mistake. *See* note 1 *supra.* Thus appellee argues that the only issue before this court is whether the district court abused its discretion under Rule 60(b)(6). However, papers filed in support of appellant's motion plainly raised all of the grounds on which appellant based its claim that the judgment should be vacated. *See* Memorandum in Support of Motion by Vesco & Co., Inc., Pursuant to F.R.A.P. 4(a) to Enlarge Appeal Period or Alternatively Under F.R.Civ.P. 60(b) to Vacate and Reenter Order to Permit Timely Appeal at 4; Letters dated September 15, 1976, from Albert G. Besser to Hon. Charles E. Stewart, Jr. Since appellee thus had notice of the claims, these papers could be treated as the equivalent of a motion under all relevant subdivisions of Rule 60(b). *See* 7 *Moore's Federal Practice* ¶ 60.28[3], at 407 (2d ed. 1975); *cf. United States v. Wissahickon Tool Works, Inc.,* 200 F.2d 936, 938 (2d Cir. 1952) (untimely Rule 59 motion treated as Rule 60(b) motion); *United States v. Backofen,* 176 F.2d 263, 266 (3d Cir. 1949) (letter to district court treated as Rule 60(b) motion). In any event, the district court, which ruled on all issues raised on this appeal, had power to decide sua sponte whether its judgment should be vacated, provided all parties had notice, as they did here. *See United States v. Jacobs,* 298 F.2d 469, 472 (4th Cir. 1961); *United States v. Milana,* 148 F.Supp. 152, 154 (E.D.Mich.1957); *cf.*

**3.** As a third reason for challenging the judgment, appellant argued below and contends here that the judgment was unclear and failed to conform to the original complaint on which it was based. The judgment, however, quite clearly refers "to the claims set forth in the Second Count of the Complaint and so much of the Third [through] Ninth and Eleven Counts as relate to claims arising out of" a dividend in kind of the outstanding shares of Fairfield General Corp. declared by ICC in late 1970; a purchase by Skyways Leasing Corp. with ICC funds of a Boeing 707 in June, 1971; a lease between ICC and Skyways Leasing Corp. relating to the Boeing 707; and monies paid by ICC in connection with Vesco's use of the plane. Examination of the original complaint indicates that the second count deals with all four of the above matters. Each of the other counts referred to realleges and incorporates some or all of the paragraphs from the second count pertaining to these matters, with the distinct counts necessary because of different legal theories. We see nothing inconsistent or confusing about the judgment; quite wisely the court confined it to damages arising out of specific transactions, regardless of legal theories. We think Judge Stewart properly clarified his previous judgment in accordance with the mandate of this court in *ICC v. Vesco,* 535 F.2d 742 (2d Cir. 1976). It is immaterial that ICC is proceeding against certain other defendants on the amended complaint, since they have been properly served with that complaint.

558, 562, 4 S.Ct. 249, 28 L.Ed. 249 (1884); *Miller v. American Export Lines, Inc.,* 313 F.2d 218 (2d Cir. 1963) (per curiam); *Cicchetti v. Lucey,* 514 F.2d 362, 365 n. 5 (1st Cir. 1975); 3 *Moore's Federal Practice* ¶ 15.-08[7] (2d ed. 1974); 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 1476, at 389–90 (1971). Of the authorities stating this rule, however, none focuses on the point in time at which the superseding of the original by the amended complaint occurs.[4] Appellant argues that the critical point is the filing of the amended complaint, while appellee argues, and the court below held, that the original complaint is not superseded until the amended complaint is served. We agree with the court below, at least where, as here, the amended complaint is required to be served under Rule 5(a).

■ It is the rule in this circuit that, "after the filing of [an initial] complaint, the action remains pending in an inchoate state until service is completed . . . ." *Messenger v. United States,* 231 F.2d 328, 329 (2d Cir. 1956); *see 2 Moore's Federal Practice* ¶ 4.09, at 1024–25 (2d ed. 1975). This rule implies that an amended complaint, at least one that must be personally served pursuant to Rule 5(a), is also in an "inchoate state" until served. It would make little sense to hold, as appellant urges, that a complaint in such a state supersedes a properly served complaint. Such a holding would leave a case in a state of suspended animation in the interim between filing and service of the amended complaint, with the court perhaps even lacking personal jurisdiction over the defendant.

■ Such a holding would also introduce a substantial risk factor into a plaintiff's decision whether to amend his complaint.

A plaintiff considering amendment would have to evaluate the likelihood that the amended pleading could actually be served on the defendant or defendants. If it appeared that such service on even one defendant would be difficult—as was clearly the case here, where ICC had had great difficulty serving its original complaint on Vesco—the plaintiff might well have to decide not to file an amended complaint, since failure to serve it would, under the rule urged by appellant, leave the plaintiff, which had once had an effective complaint (the original), without any remaining effective complaint on which it could obtain judgment. It seems plain that the introduction of such a consideration into the decision whether to amend, requiring the plaintiff in effect to gamble on the likelihood of obtaining service, would discourage amendments and thus would be inconsistent with the amendment policy underlying the federal procedural system, *see* Fed.R.Civ.P. 15(a); 6 C. Wright & A. Miller, *supra,* §§ 1471, 1473. Accordingly, in the circumstances of this case, we cannot hold void the judgment entered on the original complaint.

## *The Date of the* Nunc Pro Tunc *Entry of Judgment*

Appellant next complains that the May, 1976, judgment, entered *nunc pro tunc* as of the date of the signing of the order imposing damages for the previously entered default (July 12, 1974), should have been entered as of the date of the actual filing of that order (July 16, 1974). Appellant does not here argue that merely the entry of judgment *nunc pro tunc* renders the judgment void, although it apparently planned to make such an argument in its untimely

---

4. Appellant cites two cases referring to the filing of the amended complaint as the critical point, but neither is of any assistance here. In *Phillips v. Murchison,* 194 F.Supp. 620 (S.D.N.Y.1961), the original complaint was not served on the defendant until after the amended complaint had been filed; that court held that the amended complaint was the one that had to be served. Here the original complaint was served on Vesco before the amended one was filed. *Phillips* does not suggest that judgment

may not be had on a properly served complaint.

 *Hutchins v. Priddy,* 103 F.Supp. 601 (W.D. Mo.1952), does contain some language that might be helpful to appellant, *see id.* at 606, but it was decided under local state rules, rather than the Federal Rules, and contains no analysis of the considerations we find to be decisive *infra.* To the extent that *Hutchins* is inconsistent with our analysis, we decline to follow it.

direct appeal and before us presented this argument as part of the "context" of its Rule 60(b) motion. Rather, it here contends that use of an allegedly wrong *nunc pro tunc* date amounted to the type of "mistake" by the court that requires vacation of the judgment under Rule 60(b)(1).

 We believe that appellant's argument is based on a failure to appreciate the difference between Rule 60(a)[5] and Rule 60(b)(1). While the latter's reference to "mistake" has been held to include mistakes by the district court, *see Tarkington v. United States Lines Co.*, 222 F.2d 358, 360 (2d Cir. 1955) (Frank, J.); 11 C. Wright & A. Miller, *supra*, § 2858, at 176 (1973), a motion for relief from such judicial mistakes under Rule 60(b)(1) may not be made after the time for appeal has elapsed, *see Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964), at least if the mistake alleged is of a substantive legal nature, *see* 11 C. Wright & A. Miller, *supra*, § 2858, at 178. If, on the other hand, the mistake alleged is of a "clerical" nature, "arising from oversight or omission," then a motion may be made only under Rule 60(a), which allows the court to correct such errors "at any time." Unlike the grant of a Rule 60(b) motion, however, the grant of a Rule 60(a) motion does not lead to relief from the underlying judgment, as is apparent upon comparison of the relevant language, *see* notes 1 and 5 *supra*. The time for appeal from the underlying judgment correspondingly dates from the original rendition of judgment in the Rule 60(a) context, whereas in the Rule 60(b) situation it dates from the entry of the amended judgment. *See* 11 C. Wright & A. Miller, *supra*, § 2871, at 257–58.

 Appellant here is thus caught on the horns of a dilemma. It characterizes the mistake alleged as "significant," a term that may have been meant to imply that the mistake was substantive.[6] If so, however, appellant's own characterization indicates that the Rule 60(b)(1) motion must be rejected, because it was made after the expiration of the time for appeal from the judgment. If, on the other hand, the alleged mistake in date may properly be characterized as clerical in nature, as we believe to be the case, *see United States v. Roth*, 164 F.2d 575, 576–77 (2d Cir. 1948) (Swan, J.); *Continental Casualty Co. v. Little*, 152 F.2d 728, 729 (5th Cir. 1946), then appellant may seek a correction at any time by filing a Rule 60(a) motion. But appellant cannot in any case obtain that which is apparently its principal objective, a re-entry of the underlying judgment so that an appeal therefrom may be taken. Accordingly, the entry of judgment *nunc pro tunc* as of July 12, 1974, even if erroneous, provides no basis for vacating the judgment.

### District Court Discretion

 Appellant's final point is that the district court abused its discretion by denying appellant's Rule 60(b)(6) motion, which essentially asked the court to vacate and then reenter its May, 1976, judgment so that appellant could take a timely appeal therefrom. While any motion under Rule 60(b) is addressed to the discretion of the trial court, *see Altman v. Connally*, 456 F.2d 1114, 1116 (2d Cir. 1972) (per curiam); *Sampson v. Radio Corp. of America*, 434 F.2d 315, 317 (2d Cir. 1970); note 1 *supra* (use of "may" in Rule 60(b)), this discretion is especially broad under subdivision (6), because relief under it is to be granted when "appropriate to accomplish justice," *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (plurality opinion of Black, J.), *modified on other*

---

**5.** Fed.R.Civ.P. 60(a) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

**6.** Appellant's use of the term "significant" to describe the alleged mistake follows in its brief directly after a quotation of the district court's conclusion that " 'this ground is not sufficiently substantive.' " Brief for Defendant-Appellant at 16.

*grounds*, 336 U.S. 942, 93 L.Ed. 1099 (1949); *see* 11 C. Wright & A. Miller, *supra*, § 2864, at 211–12. We find no abuse of discretion here.

 In support of its argument, appellant points to certain equitable factors in its favor, including the absence of prejudice to appellee if an appeal from the judgment were now allowed, the length of the trial proceedings, the substantial monies at stake, and the virtual certainty that appellant intended to appeal from the judgment, *see Fidelity & Deposit Co. v. Usaform Hail Pool, Inc.*, 523 F.2d 744, 750–51 (5th Cir. 1975), *cert. denied*, 425 U.S. 950, 96 S.Ct. 1725, 48 L.Ed.2d 194 (1976). Appellant ignores, however, equally compelling factors that militate against giving it another opportunity to appeal. Most importantly, the district court found that appellant had actual notice of the entry of judgment five days before the time for appeal expired and had constructive notice at least some twenty days in advance. Appellant does not here challenge these findings, which led the district court to conclude that appellant's failure to file a timely appeal was not excusable. Appellant's situation thus contrasts sharply with that in the case it cites with regard to the above-listed equitable factors in its favor. In *Fidelity & Deposit Co. v. Usaform Hail Pool, Inc.*, *supra*, 523 F.2d at 751, a judgment was vacated under Rule 60(b)(6) because no party knew of the entry of judgment at the time it was entered and because counsel acted diligently in seeking to learn of the judgment. *Accord, Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institute*, 163 U.S.App.D.C. 140, 500 F.2d 808, 809–10 (1974). Under the circumstances of this case, the district court could properly deny appellant's Rule 60(b)(6) motion.

Judgment affirmed.