Arnold D. WIGGINS, Jr., Plaintiff,

v.

BUFFALO POLICE DEPARTMENT, Erie County District Attorney, Frank Clark, Erie County Assistant District Attorney, Michael McHale, E. Det. G. Munoz, Officer Perez, Officer M. Ltn. [sic], Officer G. Lyon, Officer Cruz and Assign Counsel,[1] Defendants.

No. 04–CV–0085E(SR).

United States District Court, W.D. New York.

June 3, 2004.

1. The Clerk of the Court is directed to amend the docket sheet and caption, subject to the "ORDER" section of this Order to include the City of Buffalo and County of Erie as defendants.

**54**

Arnold D. Wiggins, Jr., Buffalo, NY, pro se.

## ORDER

CURTIN, District Judge.

### INTRODUCTION

Plaintiff Arnold Wiggins, Jr. has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has requested permission to proceed *in forma pauperis* (Docket No. 2). Plaintiff claims that the defendants, the City of Buffalo, the Buffalo Police Department, and five Buffalo Police Officers, falsely arrested him and maliciously prosecuted him, and that the District Attorney, an Assistant District Attorney, the County of Erie and the Erie County Assigned Counsel Program conspired to deny him his rights to counsel, to be "present at any grand jury investigation" and not to be prosecuted based on false and perjured testimony. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and unless plaintiff files an amended complaint as directed below, the remaining claims will be dismissed with prejudice pursuant to § 1915(e)(2)(B).

### DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), he is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if, at any time, the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted;

or (iii) seeks monetary relief against a defendant who is immune from such relief.

■ In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson*, 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se*." *Chance v. Armstrong*, 143 F.3d 698, 701 (2d Cir.1998).

Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and unless plaintiff files an amended complaint as directed below, the remaining claims will be dismissed with prejudice pursuant to § 1915(e)(2)(B).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. In order to state a claim under § 1983, plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir.1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875–76 (2d Cir.1994)).

**A. Plaintiff's Allegations**

Plaintiff alleges that on March 5, 2002, he was arrested by defendants Detective Munzo,[2] and Officers Perez and Kruz without probable cause, and that on March 12, 2002, defendant Officers "Ltn." and

Lyon filed a "false booking" and charged him with a violation of New York Penal Law, § 120.10(1) (assault in the first degree) in order to cover up the false arrest. (Complaint, ¶¶ 4–5). He next alleges that between March 12 and May 6, 2002, defendants Frank Clark, the Erie County District Attorney, Michael McHale, an Assistant County District Attorney, the County of Erie and the Erie County Assigned Counsel Program, conspired to deny him of a number of claimed constitutional rights during the criminal prosecution, to wit: the right to counsel, the right to present at grand jury proceedings and the right not to be indicted and prosecuted based on false and perjured testimony. He claims that if he had been present during the "second" grand jury proceedings he would not have been indicted and that the Assistant District Attorney was aware of the false statements made against him in the grand jury but did nothing to prevent it. Plaintiff is seeking damages for each day he was incarcerated and the loss of his home. Plaintiff is not presently incarcerated.

1.) *Claims against County of Erie, Erie County District Attorney and Assistant District Attorney and Erie County Assigned Counsel Program*

■ The claims against these defendants must be dismissed because (1) prosecuting attorneys are entitled to absolute judicial immunity from suits brought under 42 U.S.C. § 1983, *see Imbler v. Pachtman*, 424 U.S. 409, 427–28, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and (2) even assuming the Erie County Assigned Counsel Program is a "person" under § 1983, it is well-established that criminal defense attorneys, including public defenders and those assigned by the court, are not state actors for purposes of the "state action" require-

---

**2.** In the caption this defendant is identified as Detective "Munoz."

ment of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). Accordingly, the claims against the County of Erie, Frank Clark, the Erie County District Attorney, Michael McHale, an Assistant District Attorney, and the Erie County Assigned Counsel Program must be dismissed with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), because they fail to state a claim and because defendants Clark, McHale and the County are entitled to immunity from damages.

**2.) *False Arrest and Malicious Prosecution Claims against Defendant Officers and City of Buffalo***

█ As noted above, plaintiff claims that he was falsely arrested and maliciously prosecuted by the City of Buffalo, its Police Department and five of its officers. An initial question raised but not answered by the complaint is whether or not these claims are premature or barred by the United States Supreme Court's analysis in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *See Covington v. City of New York*, 171 F.3d 117, 119 (2d Cir.1999). In *Heck*, the Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus ...

*Id.* at 486–87, 114 S.Ct. 2364 (footnote omitted). Not all state convictions, however-

er, bar § 1983 claims. As explained in *Heck*:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487, 114 S.Ct. 2364.

The initial question, therefore, which plaintiff must address in the amended complaint, which he will be directed to file below, is whether " 'a judgment in [his] favor ... would necessarily imply the invalidity of' any conviction or sentence that might have resulted from [plaintiff'] prosecution resulting from the arrest." *Covington*, 171 F.3d at 122; (quoting *Heck*, 512 U.S. at 487, 114 S.Ct. 2364). The amended complaint, therefore, must contain factual allegations regarding whether or not plaintiff was convicted and sentenced, the status of the conviction and whether or not the conviction has ever been invalidated. If the conviction has never been invalidated, then it would appear that this § 1983 false arrest and malicious prosecution action would be barred, unless plaintiff can show that a successful outcome in this action would not necessarily imply the invalidity of any conviction that may have occurred as a result of the arrest on March 5, 2002. *See Heck*, 512 U.S. at 487, 114 S.Ct. 2364; *Covington*, 171 F.3d at 122.

In addition to requiring an amended complaint with respect to the *Heck* analy-

sis, it is also clear that plaintiff has failed to sufficiently allege claims for false arrest and malicious prosecution, even assuming they are not barred by *Heck*.

A § 1983 claim for false arrest, which derives from an individual's right under the Fourth Amendment to be free from unreasonable seizures, including arrest without probable cause, *see, e.g., Lennon v. Miller*, 66 F.3d 416, 423 (2d Cir. 1995), is substantially the same as a claim for false arrest under New York law, see, *e.g., Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir.1996); *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir.1991). Under New York law, a plaintiff claiming false arrest must show, *inter alia*, that the defendant intentionally confined him without his consent and without justification. *See, e.g., Broughton v. State*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 335 N.E.2d 310 *cert. denied*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975). Justification may be established by showing that there was probable cause to arrest, and thus probable cause "is a complete defense to an action for false arrest," *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir.1994), whether that action is brought under state law or under § 1983. *See, e.g., Broughton v. State*, 37 N.Y.2d at 458, 373 N.Y.S.2d 87, 335 N.E.2d 310 (under New York law, "[j]ustification may be established by showing that the arrest was based on probable cause"); *Singer v. Fulton County Sheriff*, 63 F.3d 110, 118 (2d Cir.) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause"), *cert. denied*, 517 U.S. 1189, 116 S.Ct. 1676, 134 L.Ed.2d 779 (1996).

To establish a claim for malicious prosecution, the plaintiff must show (1) that the defendant initiated a prosecution against the plaintiff, (2) that the defendant lacked probable cause to believe the proceeding could succeed, (3) that the defendant acted with malice, and (4) that the prosecution was terminated in the plaintiff's favor. *See, e.g., Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir.2002) (citing *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir.1997); *Broughton*, 37 N.Y.2d at 457, 373 N.Y.S.2d 87, 335 N.E.2d 310). The return of an indictment against the plaintiff, establishes a rebuttable presumption of probable cause, *Fulton*, 289 F.3d at 198, and the presumption is rebuttable by a showing "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *Id.* (internal quotation marks and citations omitted).

In this case, the plaintiff's complaint does not allege sufficient facts to support either a false arrest or malicious prosecution claim. First, he alleges that he was indicted, which creates a rebuttable presumption of probable cause and probable cause is a complete defense to both claims. Second, he does not allege how the charges were concluded, either in his favor or not and, if in his favor, how they were actually dismissed or resolved. Third, other than a conclusory allegation that the officers did not have probable cause to arrest and charge him with assault in the first degree, he does not allege facts which would establish that the officers lacked probable cause, a necessary element of both claims here. Lastly, he fails to allege, other than in conclusory terms, that the officers acted with malice when charging him with assault.

Accordingly, plaintiff's claims against the City of Buffalo, the Buffalo Police Department, and the arresting and charging officers, Munzo, Perez, Ltn., Lyon and Kruz, will be dismissed unless the plaintiff files an amended complaint as directed no later than August 18, 2004 against these defendants, and these defendants only, in

which he alleges sufficient facts to support each and every element of a claim of false arrest and malicious prosecution. *See Davidson v. Flynn,* 32 F.3d 27, 31 (2d Cir.1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed. R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

The amended complaint must allege, at the least, that the officers lacked probable cause to arrest and charge him, including the circumstances of the arrest and whether he was indicted for the crimes charged, that the officers acted with malice in charging him and that the charges were resolved in plaintiff's favor. *See Fulton,* 289 F.3d at 196 ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence.") (citations omitted). Moreover, if plaintiff was indicted he must allege facts that would rebut the presumption of probable cause arising from the indictment; in other words, he must allege facts that would establish "that the indictment was the product of fraud, perjury, the suppression of evidence by the police, or other police conduct undertaken in bad faith." *See Id.* at 198. Lastly, the amended complaint must also include facts which explain what actually resulted from his arrest and prosecution, including whether or not he was convicted and, if so, whether the conviction has ever been invalidated.

 With respect to the City of Buffalo and the Buffalo Police Department, plaintiff must also allege in the amended complaint that the acts of the officers were done pursuant to a policy of custom of the City or its Police Department. *Monell v.*

*New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To hold a municipality liable in a § 1983 action, a plaintiff is required to plead and prove three elements: (1) an official custom or policy that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right. *Zahra v. Town of Southold,* 48 F.3d 674, 685 (2d Cir.1995) (citations and quotations omitted); *see Gottlieb v. County of Orange,* 84 F.3d 511, 518 (2d Cir.1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). Here, plaintiff does not contend that any of the alleged constitutional deprivations were caused by or occurred pursuant to an official custom or policy of the City of Buffalo or its Police Department, and thus plaintiff has failed to state a § 1983 claim against these defendants. Therefore, the amended complaint must allege that the alleged acts of the defendant Officers were done pursuant to a policy or custom of the City of Buffalo and its Police Department.

## *CONCLUSION*

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) his request to proceed *in forma pauperis* is granted. For the reasons set forth above, plaintiff's claims against the County of Erie, Frank Clark, the Erie County District Attorney, Michael McHale, an Assistant District Attorney, and the Erie County Assigned Counsel Program are dismissed with prejudice. In addition, plaintiff's claims against the City of Buffalo, the Buffalo Police Department, and the arresting and charging officers, Munzo, Perez, Ltn., Lyon and Kruz must be dis-

missed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files an amended complaint which includes the necessary allegations regarding the false arrest and malicious prosecution claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint is intended to *completely replace* the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014, 98 S.Ct. 730, 54 L.Ed.2d 758 (1978); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer.

Plaintiff is forewarned that if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) against defendants City of Buffalo, the Buffalo Police Department, and the arresting and charging officers, Munzo, Perez, Ltn., Lyon and Kruz. Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

### ORDER

IT HEREBY IS ORDERED, that plaintiff's motion to proceed *in forma pauperis* is granted and that the Clerk of the Court is directed to amend the caption and docket sheet to include the City of Buffalo and County of Erie as defendants;

FURTHER, that plaintiff's claims against the County of Erie, Frank Clark, the Erie County District Attorney, Michael McHale, an Assistant District Attorney, and the Erie County Assigned Counsel Program are dismissed with prejudice and the Clerk of the Court is directed to terminate these four defendants as parties to this action;

FURTHER, that plaintiff is granted leave to file an amended complaint regarding *only* his claims of false arrest and malicious prosecution against defendants the City of Buffalo, the Buffalo Police Department, Munzo, Perez, Ltn., Lyon and Kruz as directed above by **August 18, 2004**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file an amended complaint as directed above by **August 18, 2004**, the complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if plaintiff has not filed an amended complaint by **August 18, 2004**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal *in forma pauperis*

should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.