NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| CARTRELL GRAY, ) | |
| ) | Supreme Court No. S-14244 |
| Appellant, ) | |
| ) | Superior Court No. 4FA-94-02894 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| CASSANDRA L. GRAY ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1402 – December 7, 2011 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Fourth Judicial District, Fairbanks, Randy M. Olsen, Judge.

Appearances: Cartrell Gray, pro se, Marion, Ohio, Appellant. Notice of non-participation filed by Cassandra Lee Anderson, pro se, Colorado Springs, Colorado, Appellee.

Before: Carpeneti, Chief Justice, Fabe, Winfree, Christen, and Stowers, Justices.

1.  In 1995, the superior court issued a divorce decree terminating Cartrell and Cassandra Gray's marriage. The decree incorporated a property settlement agreement equitably dividing the parties' marital property and waiving Cartrell's right to claim any part of Cassandra's military retirement benefits. Both parties' signatures on the settlement agreement were dated February 28, 1995. The person who notarized

_____

\*      Entered pursuant to Appellate Rule 214.

the parties' signatures listed the date of notarization as February 28 and the date her commission expired as March 7, 1995. The parties appeared in superior court on March 28, 1995 and the settlement agreement was filed on that day.

2.     More than fifteen years later, Cartrell sought relief from the decree under Alaska Rule of Civil Procedure 60(a) and (b) on various grounds, including the claim that the settlement agreement was void because it was not properly notarized and the claim that he was incompetent due to alcoholism at the time he entered into the settlement. The superior court denied Cartrell's motion for relief from judgment, ruling that Cartrell's 60(b) motion was untimely and that "typographical mistakes" did not invalidate the notary's acknowledgment of the settlement agreement. Cartrell appeals.

3.     Cartrell first argues the superior court erred by failing to deem the settlement agreement void because the notary's commission had expired when the document was signed. This argument is premised on Cartrell's assertion that the parties must have signed the settlement agreement on March 28, 1995 because the parties appeared in court on that day. But the parties' signatures are both dated February 28, 1995, and it would not have been uncommon or impermissible for the parties to have signed the settlement agreement before they appeared in court. If they did sign the settlement agreement on February 28 — as indicated by the handwritten dates next to both of their signatures — then there is nothing irregular about the document being notarized on February 28 because the notary's commission did not expire until March 7. If Cartrell is correct that the parties actually signed the document on March 28, and the notary's commission was expired by the time the document was notarized, the settlement agreement and the decree would still be valid because the settlement agreement need not have been notarized in the first place. Judge Greene took the parties' testimony in open court and accepted the settlement as the parties' voluntary agreement and as a fair and

equitable division of their marital estate.[1]  The superior court did not err by ruling that the allegedly erroneous dates on the parties' respective signature lines and/or the date the document was notarized do not entitle Cartrell to relief from the decree.

            4.      Cartrell also argues the decree should be set aside because he was incompetent due to alcoholism when he signed it.  Motions for relief from judgment under Civil Rule 60(b)(1)-(3) "shall be made within a reasonable time . . . not more than one year after the date of notice of the judgment or orders . . . ."[2]  Cartrell filed his motion over fifteen years after the superior court issued its divorce decree.  He argues that the usual one-year limit on 60(b) motions should be tolled under AS 09.10.140 for the period of his alleged incompetency due to alcoholism.[3]  Even if Cartrell had demonstrated that he was incompetent due to alcoholism, any tolling period he might have been entitled to expired several years ago.  In an affidavit Cartrell filed in the superior court, he stated that he had not "in the past five . . . years been under the influence of alcohol, nor drugs, nor any mind altering substance."  Thus, the one-year period for seeking relief under Rule 60(b)(1)-(3) expired long before Cartrell filed his

---

      [1]       Some clerical errors may be corrected pursuant to Alaska Rule of Civil Procedure 60(a), but this does not mean that the decree would be deemed void or that a new decree would be entered so that a timely appeal could be filed.  *See Int'l Controls Corp., v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977) (construing parallel federal rule of civil procedure and holding that correction of clerical error does not require re-entry of judgment so that timely appeal may be taken).

      [2]       Alaska R. Civ. P. 60(b).

      [3]       AS 09.10.140(a) (providing that "if a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues . . . incompetent by reason of mental illness or mental disability, the time of the disability . . . is not a part of the time limit for the commencement of the action").

motion for relief from judgment, and the superior court did not err when it ruled that Cartrell's motion for relief under Rule 60(b)(1) or (3) was untimely.

5. The superior court ruled that Cartrell's 60(b)(4) argument, which was also based on incompetence due to alcoholism, was not filed within a reasonable period of time. Under the facts of this case, we agree.

6. Cartrell also argues under Rule 60(b) that the settlement agreement should be set aside because Cassandra had an obligation to obtain a lawyer on his behalf. He cites no authority for the proposition that Cassandra was responsible for hiring a lawyer to represent him. Even if Cartrell had demonstrated a viable claim for misconduct on Cassandra's part, it would be time-barred. Under Civil Rule 60(b)(3), such challenges must be made within one year from the date a decree is entered.

7. We AFFIRM the superior court's ruling in all respects.