20-1928-cv
*Castro v. The Bank of New York Mellon*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

---

Mario E. Castro,

> *Plaintiff-Appellant*,

> v.                                                      20-1928-cv

The Bank of New York Mellon, As trustee for the certificate holders of CWalt Inc., Alternative Loan Trust 2006-0A11 mortgage pass through certificates, series 2006-OA11, FKA The Bank of New York, Shellpoint Mortgage Servicing, All co-defendants that are known and unknown,

> *Defendants-Appellees*,

Select Portfolio Servicing, Inc., Bank of America, N.A.,

> *Defendants*.

---

FOR PLAINTIFF-APPELLANT:                                      Mario E. Castro, *pro se*,
                                                             Melville, NY.

FOR DEFENDANTS-APPELLEES:                                     Jordan M. Smith, Jason D. St.
                                                             John, Akerman LLP,  New
                                                             York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Seybert, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Mario Castro, *pro se*, sued several defendants, including the Bank of New York Mellon, formerly known as the Bank of New York, and Shellpoint Mortgage Servicing, alleging, among other things, that they violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, in relation to the servicing of his mortgage loan.  The defendants moved to dismiss.  In opposing dismissal, Castro claimed that he and the defendants had agreed to arbitrate the dispute; produced a document, unsigned by defendants, purporting to serve as his conditional acceptance to an offer to contract, subject to additional terms, including an arbitration agreement; and moved to compel arbitration.  In response, the defendants produced numerous letters that they had sent Castro advising him that his mortgage statements were not "offers" that he could accept, conditionally or otherwise, and informing him that there was no agreement between them other than the mortgage loan itself (which contains no arbitration provision).  The district court dismissed Castro's complaint for failure to state a claim.  In dismissing the complaint, the district court also found that Castro's documents did not establish an agreement to arbitrate and declined to stay the proceedings or send

2

the matter to arbitration.  Castro then moved to vacate the judgment under Federal Rules of Civil Procedure 60(b)(1), (2), (3), and (6), and the district court denied the motion.  Castro now appeals from that decision.  We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I.      Scope of the Appeal

The district court entered a judgment of dismissal on July 23, 2019.  Castro filed his Rule 60(b) motion on August 22, 2019—30 days after the judgment was entered.  The district court denied Castro's Rule 60(b) motion on January 17, 2020, and Castro filed his notice of appeal on February 13, 2020.  A Rule 60 motion tolls the time to appeal only when it is filed within 28 days of the judgment.  Fed. R. App. P. 4(a)(4)(A)(vi).  Castro did not file his Rule 60(b) motion within 28 days of the judgment dismissing the case and, therefore, his time to appeal that judgment expired 30 days after July 23, 2019—that is, on August 22, 2019.  *See* Fed. R. App. P. 4(a)(1)(A). The notice of appeal, filed on February 13, 2020, was thus untimely as to the July 23, 2019 judgment.  However, the notice of appeal was timely filed from the January 17, 2020 entry of the electronic order denying the motion to vacate.  Moreover, Castro indicated in his notice of appeal that he was appealing only from that January 2020 order.  Accordingly, we have jurisdiction to review only the January 2020 order denying Castro's Rule 60(b) motion, in which Castro reasserted his argument that his claims were subject to arbitration.

## II.     Rule 60(b) Motion

We review the denial of a Rule 60(b) motion for abuse of discretion.  *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015).  "A district court is said to abuse its discretion if it

bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Id.* (alteration and internal quotation marks omitted). Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted). A Rule 60 motion may not be used as a substitute for appeal. *United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009).

A. Rule 60(b)(1)

Rule 60(b)(1) permits relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Under this provision, a district court may correct its own mistakes that are "of a substantive legal nature," *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977), and "its own mistake[s] of fact," *Gey Assocs. Gen. P'ship v. 310 Assocs.* (*In re 310 Assocs.*), 346 F.3d 31, 35 (2d Cir. 2003). Castro argues that the district court erred in failing to acknowledge the arbitration agreement that he had with the defendants, and that this agreement divested the district court of jurisdiction to even determine that agreement's validity. However, Castro does not explain how the district court made a "mistake . . . of a substantive legal nature" *Vesco*, 556 F.2d at 670, or an "obvious factual mistake," *In re 310 Assocs.*, 346 F.3d at 35, in holding that the absence of the defendants' signatures on the purported arbitration agreement precluded Castro from seeking to stay the district court case and send the matter to arbitration. Since the statements were simply statements of account, and as a matter of law not offers to institute or modify a contractual relationship, Castro's letters were at best an invitation to arbitrate the dispute, which the defendants manifestly rejected.

4

"Arbitration agreements are considered contracts," *Nat'l Credit Union Admin. Bd. v. Goldman, Sachs & Co.*, 775 F.3d 145, 148 (2d Cir. 2014), and "[i]t is a fundamental rule of contracts that parties may bind themselves to any terms, so long as the basic conditions of contract formation (e.g., consideration and mutual assent) are met," *Reyes v. Lincoln Auto. Fin. Servs.*, 861 F.3d 51, 58 (2d Cir. 2017). In other words, "though the presumption in favor of arbitration is strong, the law still requires that parties actually agree to arbitration before it will order them to arbitrate a dispute." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 369 (2d Cir. 2003). Given the absence of the defendants' signatures on the documents Castro offered, as well as the defendants' letters to Castro indicating that they never agreed to arbitrate, Castro failed to provide any basis for the district court to reconsider its conclusion that no agreement to arbitrate existed.

We find similarly unpersuasive Castro's argument that the district court did not have jurisdiction to determine the validity of the purported arbitration agreement. The Federal Arbitration Act expressly provides that a district court shall stay the action for arbitration only "upon being satisfied that the issue involved in such suit or proceeding is referrable to arbitration under such an agreement." 9 U.S.C. § 3. Therefore, the district court had jurisdiction to determine that no arbitration agreement existed and did not enter judgment based on any legal or factual mistake. Accordingly, there was no basis for relief under Rule 60(b)(1).

B. Rule 60(b)(2)

Rule 60(b)(2) authorizes a court to relieve parties from judgments in the face of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). A party may successfully seek vacatur on this ground when: (1) the newly discovered evidence was of facts that existed at the time of trial or

5

other dispositive proceeding, (2) the party was justifiably ignorant of these facts despite due diligence, (3) the evidence is admissible and of such importance that it probably would have changed the outcome, and (4) the evidence is not merely cumulative or impeaching. *Metzler Inv. GmbH v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 146–47 (2d Cir. 2020).

Castro asserts that the purported arbitration award that resulted from the defendants' failure to participate in arbitration constitutes new evidence. The defendants emphasized to the district court that Castro was, in bad faith, seeking to enforce this "sham arbitration award" based on a fabricated arbitration agreement.[1] Record on Appeal, doc. 49-4, at 6. As a threshold matter, the arbitration award Castro submitted with his motion to vacate the judgment was dated July 6, 2019—more than two weeks *before* the district court entered judgment. In other words, this "evidence" existed prior to the time when the district court disposed of the motion to dismiss and it was not newly discovered. In any event, Castro has failed to demonstrate how the purported arbitration award has any legal effect in the absence of a valid agreement to arbitrate. Therefore, the district court correctly declined to vacate the judgment under Rule 60(b)(2).

C. Rule 60(b)(3)

Rule 60(b)(3) permits a court to relieve parties from judgments when the moving party shows "fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St.*

---

[1] The purported arbitration award states that it was issued by the Sitcomm Arbitration Association in White Oak, Texas. Similar documents bearing this entity's name have appeared in lawsuits in numerous federal courts and consistently have been found to be invalid. *See, e.g.*, *Martinez v. Trump*, Civ. A. No. 20-9651, 2021 WL 797645, at *2 n.1 (S.D.N.Y. Feb. 26, 2021) (collecting cases and dismissing as frivolous a lawsuit seeking to confirm an alleged arbitration award issued by Sitcomm Arbitration Association).

*Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted).  Generally, "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989).  Castro argues in conclusory fashion that the defendants engaged in fraud when they denied the existence of the arbitration agreement and failed to participate in arbitration.  This unsubstantiated assertion does not satisfy the clear-and-convincing standard required to show fraud.  First, because there is no evidence that the defendants ever signed any arbitration agreement, they had no duty to participate in arbitration or make any disclosure about facts related to a non-existent agreement.  Second, the defendants responded to Castro's arbitration requests with numerous letters informing him that no such agreement existed and rejecting his offers to enter into an agreement.  Thus, Castro points to no specific instances of fraud or misconduct that prevented him from "fully and fairly presenting his case," *State St. Bank & Tr. Co.*, 374 F.3d at 176 (internal quotation marks omitted), and the district court properly denied his motion to vacate under Rule 60(b)(3).

    D.  Rule 60(b)(6)

Finally, Rule 60(b)(6) allows a court to relieve parties from judgments for "any other reason that justifies relief" when the grounds enumerated in Rules 60(b)(1)–(5) are not present. *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012).  Consequently, "if the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)." *United States v. Int'l Brotherhood of Teamsters*, 247 F.3d 370, 391–92 (2d Cir. 2001).  Although Castro failed to carry his burden under Rules 60(b)(1), (2), or (3), his reasons for seeking relief from the judgment fell

within those "more specific clauses," thereby disqualifying him from obtaining relief under Rule 60(b)(6).

*     *     *

We have considered Castro's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court