ELECTRONIC CITATION: 14 FED App. 0008P (6th Cir.)
File Name: 14b0008p.06

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | | |
|---|---|---|
| In re: SII Liquidation Company, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| David A. Schwab, et al., | ) | No. 14-8009 |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Lawrence E. Oscar, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Canton.
No. 10-60702; Adv. No. 12-6035

Before:  HUMPHREY, OPPERMAN, and PRESTON, Judges of the Bankruptcy
Appellate Panel.

_____

**COUNSEL**

_____

**ON BRIEF:** Charles V. Longo, Matthew D. Greenwell, CHARLES V. LONGO, CO., L.P.A., Beachwood, Ohio, for Appellants.  Daniel R. Warren, Thomas D. Warren, BAKER & HOSTETLER LLP, Cleveland, Ohio, Jack B. Cooper, DAY KETTERER LTD., Canton, Ohio, for Appellees.

---

**OPINION**

---

**GUY R. HUMPHREY**, Bankruptcy Appellate Panel Judge. Appellants were shareholders and directors of the corporate debtor prior to its liquidation. They filed an adversary complaint alleging malpractice against the Debtor's bankruptcy attorneys. On September 20, 2012, the bankruptcy court granted the Defendants' and Trustee's motions to dismiss the adversary proceeding. The bankruptcy court held that Appellants did not have standing to bring the complaint. Additionally, the bankruptcy court found that the complaint was barred by res judicata. Appellants did not appeal the bankruptcy court's decision. One year later, they filed a motion for relief from judgment pursuant to Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60(b). Appellants asserted grounds under the following subsections: (1) mistake, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; and (6) any other reason that justifies relief. The bankruptcy court denied the motion for relief from judgment finding that Appellants still did not have standing, and further, were bound by the bankruptcy court's previous order holding that they did not have standing. Appellants filed this timely appeal. For the reasons stated below, the bankruptcy court's order is affirmed.

## I. ISSUES ON APPEAL

Appellants raised several issues on appeal. However, Appellants' lack of standing is dispositive. Accordingly, the Panel declines to address the remainder of the issues.

## II. JURISDICTION AND STANDARD OF REVIEW

Under 28 U.S.C. § 158(a)(1), this Panel has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued by the bankruptcy court. For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct.

1494, 1497 (1989) (quotation marks and citation omitted). "An order denying a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is a final order." *In re Calloway*, 11-8059, 2012 WL 1003559, at *1 (B.A.P. 6th Cir. Mar. 27, 2012) (citing *Slutsky v. Am. Express Travel Related Servs. Co.* (*In re William Cargile Contractor, Inc*.), 209 B.R. 435, 435-36 (B.A.P. 6th Cir. 1997)).

> The decision to grant or deny a motion pursuant to Federal Rule of Civil Procedure 60(b) is within the discretion of the bankruptcy judge. *Bavey v. Powell* (*In re Baskett*), 219 B.R. 754, 757 (B.A.P. 6th Cir. 1998). The bankruptcy judge's decision is reviewed on appeal for abuse of discretion. *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). An abuse of discretion will be found when the reviewing court has a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir. 2000) (citations and internal quotation marks omitted). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re Behlke*, 358 F.3d 429, 437 (6th Cir. 2004) (citation omitted).

*In re Calloway*, 11-8059, 2012 WL 1003559, at *1 (B.A.P. 6th Cir. Mar. 27, 2012). Jurisdictional questions are reviewed de novo. *Kahn v. Regions Bank (In re Khan)*, 544 F. App'x 617, 619 (6th Cir. 2013), *cert. denied* 134 S. Ct. 1545 (2014). "Standing is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case." *Id.* (quoting *Harker v. Troutman* (*In re Troutman Enters., Inc.*), 286 F.3d 359, 364 (6th Cir. 2002)).

## III.  FACTS

Schwab Industries, Inc. filed a chapter 11 bankruptcy petition on February 28, 2010. The filing had been authorized by the board of directors, including David Schwab, Jerry Schwab and

Donna Schwab ("Appellants"). Hahn Loeser & Parks, LLP ("HLP") was appointed as bankruptcy counsel.

On May 10, 2012, Appellants filed an adversary proceeding against Attorney Lawrence Oscar and HLP (together "Appellees") asserting a malpractice claim arising from an allegedly undisclosed conflict of interest with Bank of America. The bankruptcy court dismissed the adversary proceeding on September 20, 2012, holding that (1) Appellants lacked standing to bring the claim directly or derivatively on behalf of Debtors, and (2) the claim was barred by res judicata. Mem. Op. at 8-13, *Schwab v. Oscar*, No. 12-6035 (Bankr. N.D. Ohio Sept. 20, 2012), ECF No. 41. Appellants did not appeal this final order.

On September 20, 2013, one year after the dismissal, Appellants filed a motion seeking relief from the dismissal order pursuant to Rule 60(b). Appellants sought to reopen the adversary proceeding on the basis of asserted newly discovered evidence that Appellees had failed to disclose a conflict with Huntington National Bank and sought to amend the complaint to add allegations concerning this new evidence.

On January 22, 2014, the bankruptcy court denied the motion for relief from judgment. The bankruptcy court determined that Appellants had not challenged the court's prior ruling that they lacked standing. In an attempt to address the standing issue, Appellants' motion for relief asserted that if the case was reopened they would either persuade the Trustee to bring the claim or obtain an assignment of the claim. However, the bankruptcy court noted that Appellants had done neither of those things. The bankruptcy court held that Appellants were bound by the order holding that they did not have standing. Additionally, the bankruptcy court held that although the other arguments were immaterial in light of Appellants' lack of standing, the evidence proffered by Appellants was neither new nor newly discovered. In fact, the bankruptcy court held that the evidence clearly established that Appellants "had knowledge of the specific conflict at least three years earlier than they've claimed in their motion for relief." Mem. Op. at 5. Finally, the bankruptcy court held that the motion for relief was not timely in light of the fact that Appellants had "information which would have led to discovery of the conflict much earlier." Mem. Op. at 7.

Appellants timely filed an appeal of the order denying their motion for relief from the judgment.

## IV.  DISCUSSION

Rule 60(b) permits a bankruptcy court to grant relief from a final judgment for any of the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

Appellants allege that the newly discovered evidence relating to HLP's conflict of interest with Huntington provided a basis for the bankruptcy court's vacating of its dismissal of the adversary proceeding.  However, even if there was newly discovered evidence of such a conflict, that discovery does not serve as a basis for vacating the dismissal order due to the Appellants' lack of standing.

In their motion for relief from judgment, Appellants did not challenge the bankruptcy court's previous ruling that they lacked standing.  In fact, Appellants seem to concede that they do not have standing to bring the underlying claims by asserting that they will either convince the Trustee to bring the claims or obtain an assignment of the claims.  The bankruptcy court ruled that Appellants did not have standing to bring the underlying claim and did nothing to cure their lack of standing prior to bringing their motion for relief from judgment.

On appeal, Appellants attempt to challenge the bankruptcy court's September 20, 2012 holding that they do not have standing to bring the malpractice claims. In their brief, Appellants begin their argument with the assertion that "[t]he bankruptcy court erred as a matter of law when it held that Appellants did not have standing to pursue the claims asserted in their Amended Complaint filed in the adversary proceeding." Br. of Appellants at 18, Apr. 30, 2014, ECF No. 15. Appellees argue that Appellants are bound by the bankruptcy court's September 20, 2012 order, which Appellants did not appeal. Appellees are correct.

"The law-of-the-case doctrine bars challenges to a decision made at a previous stage of litigation which could have been challenged in a prior appeal, but were not." *JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 505 F. App'x 430, 435 (6th Cir. 2012) (quotation marks and citation omitted). The Sixth Circuit has unambiguously stated "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). "For this reason, arguments that were, or should have been, presented on appeal are generally unreviewable on a Rule 60(b)(6) motion." *Id.* (citations omitted). And for related reasons, "an appeal from [the] denial of Rule 60(b) relief does not bring up the underlying judgment for review." *Id.* (quoting *Browder v. Dir., Dep't of Corr. Of Illinois*, 434 U.S. 257, 263 n.7, 98 S. Ct. 556, 560 (1978)).

In the September 20, 2012 opinion dismissing the adversary complaint, the bankruptcy court clearly held that Appellants did not have standing to bring the underlying claims. Mem. Op. at 8-13, *Schwab v. Oscar*, No. 12-6035 (Bankr. N.D. Ohio Sept. 20, 2012), ECF No. 41. Specifically, the bankruptcy court held that only the representative of the bankruptcy estate or its successor had standing to bring a malpractice claim against Appellees absent a showing of shareholder derivative standing or assignment of the claims. The bankruptcy court further held that Appellants did not establish derivative standing nor did they obtain an assignment of claims. *Id.* at 10.

The order dismissing the complaint because Appellants lacked standing was a final, appealable order. *Hamilton v. Appolon* (*In re Hamilton*), 399 B.R. 717, 720 (B.A.P. 1st Cir. 2009) ("An order dismissing an adversary proceeding is a final order as it ends the litigation on

the merits of the complaint."). Appellants should have filed an appeal if they wished to challenge the bankruptcy court's decision that they lacked standing to bring the malpractice claims. Accordingly, they are bound by the bankruptcy court's decision that they lacked standing under the law of the case doctrine. They may not raise any issues regarding the prior order in this appeal.

In the motion for relief from judgment, Appellants attempted to address the standing defect asserting: "[I]t is [Appellants'] intention to either obtain commitment from the Creditor/Trustee to pursue the malpractice claims against [Appellees and others], or, in the alternative, obtain an assignment of those rights[.]" Mot. For Relief from Judgment at 32, *Schwab v. Oscar*, No. 12-6035, (Bankr. N.D. Ohio, Sept. 20, 2013), ECF No. 47. The bankruptcy court noted that neither of these assertions had come to fruition. Mem. Op. at 3, *Schwab v. Oscar*, No. 12-6035 (Bankr. N.D. Ohio Jan. 22, 2014), ECF No. 75.[1] Accordingly, the bankruptcy court found that there was no factual basis for a determination that the Appellants' standing had changed. "The [Appellants] did not have standing when the complaint was filed and have done nothing to cure the lack of standing." *Id*. at 4. Further, there is no basis from the record to determine that the asserted newly discovered evidence relating to the alleged conflict of interest involving Huntington affects Appellants' standing, or lack thereof, in any manner.

In this appeal, Appellants are attempting to use a Rule 60(b) motion to re-litigate the issue of their standing to bring the underlying claims when they should have filed a timely appeal if they wished to challenge that ruling. *Marbly v. City of Southfield*, 2001 U.S. App. LEXIS 18599, at *6 (6th Cir. Aug. 13, 2001) (Rule 60(b) may not be employed to re-litigate issues previously decided); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (citations omitted) (Rule 60(b) not a substitute for an appeal).

---

[1] The bankruptcy court was not convinced that an assignment would have cured the standing defect. Mem. Op. at 3, *Schwab v. Oscar*, No. 12-6035 (Bankr. N.D. Ohio Jan. 22, 2014), ECF No. 75. "[Appellants] have not cured the standing problems identified in the court's previous order and are unable to do so after the fact." *Id*. at 6.

Because Appellants lack standing to be a party in the underlying complaint, they lack standing to bring a motion for relief from judgment. "The plain language of Rule 60(b) only allows relief to be given to 'a party' to the litigation." *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 940 (6th Cir. 2013) (citations omitted). The bankruptcy court correctly determined that Appellants' motion for relief from judgment should be denied due to the preclusive effect of its prior ruling determining that the Appellants' lacked standing to pursue the adversary proceeding.

## V. CONCLUSION

For the reason stated, the order of the bankruptcy court denying the motion for relief from judgment is AFFIRMED.