By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to
6th Cir. BAP LBR 8024-1(b).  See also 6th Cir. BAP LBR 8014-1(c).

File Name: 18b0004n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE:  PAUL E. BONFIGLIO; PAMELA S. BONFIGLIO,

No. 18-8004

On Appeal from the United States Bankruptcy Court
for the Northern District of Ohio at Toledo.
No. 17-30356—John P. Gustafson, Judge.

Decided and Filed:  October 24, 2018

Before: BUCHANAN, DALES and HUMPHREY, Bankruptcy Appellate Panel Judges.

———————————

**COUNSEL**

**ON BRIEF:**  Matthew A. Taulbee, GERNER & KEARNS, CO., LPA, Florence, Kentucky, for
Appellant.

———————————

**OPINION**

———————————

BETH A. BUCHANAN, Bankruptcy Appellate Panel Judge.  Appellant-Creditor SRP
2012-4 LLC ("SRP") failed to timely oppose the motion of debtors Paul and Pamela Bonfiglio to
avoid its lien, and the bankruptcy court entered an order avoiding the lien.  Arguing that its
failure to oppose the lien avoidance was an excusable litigation mistake, SRP timely sought
relief from that order under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)").  The
bankruptcy court rejected the excuse, and entered an order denying relief under Rule 60(b) (the
"Order").  SRP now appeals from the Order, arguing that the bankruptcy court abused its
discretion in making its determination to deny SRP's request for Rule 60(b)(1) relief by focusing

exclusively on SRP's culpability, and failing to consider other relevant factors, such as whether relief would prejudice the opposing party and whether SRP had a meritorious claim. For the reasons that follow, the Panel affirms.

## ISSUE ON APPEAL

Appellant SRP presents one issue[1] on appeal: "Whether the bankruptcy court committed an abuse of discretion in failing to evaluate [SRP]'s Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)."

## JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("Panel") has jurisdiction to decide this appeal. The United States District Court for the Northern District of Ohio has authorized appeals to the Panel and none of the parties has timely elected to have the appeal heard by the district court.

A bankruptcy court's final order may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494 (1989) (citation omitted). An order denying relief pursuant to Rule 60(b) is a final order. *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1020 (6th Cir. 1983); *Schwab v. Oscar (In re SII Liquidation Co.)*, 517 B.R. 72, 73 (B.A.P. 6th Cir. 2014).

However, "'an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.'" *Peake*, 717 F.2d at 1020 (further citation omitted). Instead, the ruling denying relief from judgment pursuant to Rule 60(b) is within the sound discretion of the bankruptcy judge and reviewed for "abuse of discretion." *Id.*; *SII Liquidation Co.*, 517 B.R. at 74. Therefore, the Panel will affirm the ruling unless the Panel has "'a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached

---

[1]Originally, the Appellant set forth several issues on appeal (*see* Appellant's Designation of Record and Statement of Issues to be Presented on Appeal, Bankr. No. 17-30356, ECF No. 65), but, subsequently, limited the issues to one in its brief.

upon a weighing of the relevant factors.'" *SII Liquidation Co.*, 517 B.R. at 74 (citation omitted). "'The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.'" *Id.* (quoting *Behlke v. Eisen* (*In re Behlke*), 358 F.3d 429, 438 (6th Cir. 2004)).

## FACTS

Debtors Paul and Pamela Bonfiglio (together the "Bonfiglios") filed a joint chapter 13 bankruptcy petition on February 14, 2017.  Appellant SRP held an $88,167.40 secured claim in their bankruptcy case based on a note and mortgage (the "Mortgage") encumbering the Bonfiglios' real estate at 2452 Westbrook Drive, Toledo, Ohio 43613 (the "Property").

On the same date that they filed their petition, the Bonfiglios filed their original chapter 13 plan ("Original Plan") which sought to "strip the second mortgage to [SRP] . . . as this mortgage lien was discharged in a prior Chapter 7 case . . . ." (Original Chapter 13 Plan, Bankr. No. 17-30356, ECF No. 4, ¶ 13).  SRP filed an objection to the Original Plan on the grounds that the adversary proceeding, initiated in an attempt to avoid SRP's lien in the prior chapter 7 bankruptcy case, was dismissed and SRP's lien remained intact. SRP requested that confirmation of the Original Plan be denied.

On July 25, 2017, the bankruptcy court held a confirmation hearing at which it was determined that the Bonfiglios would file an amended chapter 13 plan within seven days to correct the mortgage stripping language.  (Proceeding Memo, Bankr. No. 17-30356, ECF No. 29).  The confirmation hearing was continued to September 12, 2017.

The Bonfiglios filed an amended chapter 13 plan ("Amended Plan") on July 27, 2017 (Amended Chapter 13 Plan, Bankr. No. 17-30356, ECF No. 30).  The Amended Plan included a provision to strip SRP's lien but, this time, based on the lien's alleged status as a wholly unsecured second mortgage due to the "value of the [Property] being less than the balance due on the first mortgage to Huntington National Bank . . . ." (*Id.*, ¶ 13).

In order to defend against the avoidance of its Mortgage lien, SRP proceeded to obtain two appraisals of the Property showing values in excess of Huntington National Bank's first mortgage claim.**2**   Upon review of an appraisal report from SRP, the Bonfiglios sought to continue the September 12, 2017 confirmation date so that they could obtain their "own appraisal; to compare estimates and possibly settle this matter" with SRP (Motion to Continue Confirmation Hearing, Bankr. No. 17-30356, ECF No. 34). The bankruptcy court granted the Bonfiglios' request and the confirmation hearing was continued to November 7, 2017.

On November 1, 2017, the Bonfiglios filed a Motion to Avoid Mortgage Lien on Real Estate ("Motion to Avoid"). In the Motion to Avoid, the Bonfiglios requested the avoidance of SRP's Mortgage lien against the Property as wholly unsecured based on the value of the Property being less than the amount owed to the first mortgage holder, Huntington National Bank. Soon after the filing of the Motion to Avoid, the Bonfiglios filed another motion to continue the confirmation hearing so that it could be "continued to the same date set for Debtors' Motion to Avoid Mortgage Lien on Real Estate with [SRP]." (Motion to Continue Confirmation Hearing, Bankr. No. 17-30356, ECF No. 38). The request was granted and the confirmation hearing was continued to December 5, 2017.

Although settlement negotiations and discussions over conflicting appraisal valuations were ongoing between counsel for SRP and the Bonfiglios, SRP did not respond to or oppose the Bonfiglios' Motion to Avoid. Noting the failure of SRP to file a timely objection, the bankruptcy court entered an order ("Order to Avoid Mortgage Lien") on November 27, 2017 avoiding SRP's lien and ordering that SRP's claim be treated as an unsecured claim (Order, Bankr. No. 17-30356, ECF No. 41).

On December 4, 2017, SRP filed a Motion for Relief from Order to Avoid Mortgage Lien ("Motion for Relief") requesting that the bankruptcy court vacate the Order to Avoid Mortgage Lien pursuant to Federal Rule of Bankruptcy Procedure 9024 and Rule 60(b)(1). (Motion for Relief, Bankr. No. 17-30356, ECF No. 44). In the Motion for Relief, SRP argued that it made an

---

**2**The appraisals are attached to SRP's Motion for Relief from Order to Avoid Mortgage Lien (Appraisals, Bankr. No. 17-30356, ECF No. 44, Exs. A and B).

excusable litigation mistake, that the Bonfiglios would not be prejudiced by granting the Motion for Relief, and that SRP had a meritorious claim for valuation that should be heard on the merits.

In support of its claim of an excusable litigation mistake, SRP provided the affidavit of SRP counsel Patricia Johnson ("Ms. Johnson") detailing the ongoing negotiations between herself and the Bonfiglios' counsel, Gordon Barry ("Mr. Barry"), as well as her belief that an agreed order to schedule a valuation hearing was forthcoming (Affidavit of Patricia L. Johnson, Bankr. No. 17-30356, ECF No. 44, Ex. C).  In the affidavit, Ms. Johnson stated that on November 3, 2017, she emailed Mr. Barry asking that he respond to a prior settlement offer from SRP to treat $15,000 of its claim as secured.  She followed up with a November 6, 2017 phone call to Mr. Barry.  During the conversation, they discussed settlement and also the possibility of an agreed order for a valuation hearing on the Bonfiglios' Motion to Avoid.  Mr. Barry indicated that his clients could not afford SRP's $15,000 offer but counteroffered to treat $5,000 of SRP's claim as secured.  Ms. Johnson memorialized the conversation in a November 6, 2017 email to Mr. Barry asking that he put the counteroffer in writing.  In the email, Ms. Johnson also stated, "if you are drafting an agreed order to continue the valuation hearing due to the pending motion to avoid the lien, please draft and send over as I also agree that the matter should be continued while we work out a mutual resolution." (*Id*., attached email dated November 6, 2017).  Mr. Barry did not put the counteroffer in writing but followed up with a November 6, 2017 email indicating that Mr. Bonfiglio would be willing to convert to chapter 7 and pay SRP $100 per month over five years.  Based on these communications, Ms. Johnson attested to her belief that she and Mr. Barry would be submitting an agreed order scheduling a valuation hearing on the Motion to Avoid.  Ms. Johnson attested that she did not object to the Motion to Avoid, "because I believed that due to the negotiations between myself and attorney Barry, as well as, the discussion to agree to a valuation hearing date, the matter would either be resolved prior to a decision by the Court on the Debtor's Motion, or I would have an opportunity to argue my client's value of the property at an agreed upon hearing date." (*Id*., Ex. C).  However, it was conceded in the Motion for Relief that no agreed order to schedule a valuation hearing was ever submitted (Motion for Relief, Bankr. No. 17-30356, ECF No. 44, p. 5).

The bankruptcy court held a combined hearing on confirmation and SRP's Motion for Relief on January 17, 2018 (Transcript of January 17, 2018 Hearing, Bankr. No. 17-30356, ECF No. 71). At the hearing, the bankruptcy judge indicated that he reviewed the communications between Ms. Johnson and Mr. Barry and asked Ms. Johnson whether the parties reached an agreement on value during the negotiations. She indicated that the parties did not reach an agreement. Because no resolution or agreement was reached, the bankruptcy court concluded that SRP provided no valid basis to grant relief from judgment. On January 18, 2018, the bankruptcy court entered an order denying SRP's Motion for Relief "[b]ased upon the reasons stated on the record at the hearing[.]" (Order, Bankr. No. 17-30356, ECF No. 52). SRP filed a timely Notice of Appeal from the Order on February 1, 2018.

## DISCUSSION

Rule 60(b)(1), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024, permits a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1). "In determining whether relief is appropriate under Rule 60(b)(1), courts consider three factors: '(1) culpability— that is whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the party holds a meritorious underlying claim or defense.'" *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *Flynn v. People's Choice Home Loans, Inc.*, 440 F. App'x. 452, 457-58 (6th Cir. 2011)). "Culpability is 'framed' by the specific language of the rule; i.e. a party demonstrates a lack of culpability by demonstrating 'mistake, inadvertence, surprise, or excusable neglect.'" *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citation omitted). "And because Rule 60(b)(1) 'mandates' such a demonstration, '[i]t is only when the [party seeking relief] can carry this burden that he will be permitted to demonstrate that he also can satisfy the other two factors: the existence of a meritorious defense and the absence of substantial prejudice to the [other party].'" *Id*. (citation omitted). *See also Yeschick*, 675 F.3d at 628-29.

On appeal, SRP argues that the bankruptcy court abused its discretion in denying its Motion for Relief by focusing on SRP's lack of a valid excuse for failing to respond to the Motion to Avoid without considering the other two factors that, according to SRP, favored

granting it relief.  However, the bankruptcy court was not required to examine the other two factors of prejudice to the opposing party and whether SRP held a meritorious claim or defense, *unless* SRP first demonstrated a lack of culpability—i.e. that its neglect was excusable.  *See Williams*, 346 F.3d at 613.

Consequently, the Panel turns its attention to whether the bankruptcy court abused its discretion in determining that SRP's actions or inactions did not constitute excusable neglect.  In assessing whether excusable neglect exists, the Sixth Circuit relies on the principle that clients are held accountable for their attorneys' actions and omissions so that the proper focus is on whether the neglect of the party *or its counsel* is excusable.  *Yeschick*, 675 F.3d at 629.

With respect to the conduct of counsel, "'case law consistently teaches that out-and-out lawyer blunders—the type of action or inaction that leads to successful malpractice suits by the injured client—do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1).'" *Barron v. Univ. of Mich.*, 613 F. App'x. 480, 487 (6th Cir. 2015) (citing *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 595 (6th Cir. 2002)). Furthermore, "strategic miscalculation[s]" and "misinterpretation[s] of the law" do not warrant relief from judgment under Rule 60(b).  *McCurry*, 298 F.3d at 593.  In other words, an attorney may not choose a litigation strategy and then use a Rule 60(b) motion "'as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise.'"  *Id*. at 594 (citation omitted).  "Rather, the uniform decisions of this and other circuits establish that [Rule 60(b)(1)] does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous."  *Id*. at 595.

In this case, SRP characterizes its failure to respond to the Motion to Avoid as a litigation mistake.  SRP's counsel, Ms. Johnson, attested that she did not respond "because I believed that due to the negotiations between myself and attorney Barry, as well as, the discussion to agree to a valuation hearing date, the matter would either be resolved prior to a decision by the Court on the Debtor's Motion, or I would have an opportunity to argue my client's value of the property at an agreed upon hearing date." (Affidavit of Patricia L. Johnson, Bankr. No. 17-30356, ECF No. 44, Ex. C).  However, Ms. Johnson admitted at the hearing that no resolution of the parties'

valuation dispute was reached during the response time. It was further conceded in SRP's Motion for Relief that no agreed order to schedule a valuation hearing was ever submitted to the bankruptcy court (Motion for Relief, Bankr. No. 17-30356, ECF No. 44, p. 5).

Without such a resolution, agreed order, or, at the very least, a request for an extension of time filed in the bankruptcy case, SRP simply was not relieved of the obligation to respond to the Motion to Avoid.  *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 490-91 (6th Cir. 2000) (finding no abuse of discretion in district court's withholding of Rule 60(b) relief based on a failure to respond to a motion for summary judgment when the party seeking relief failed to inform the court of an informal agreement between the parties or to request an extension); *Rice v. Consol. Rail Corp.*, 67 F.3d 300, 1995 U.S. App. LEXIS 32118, at *12, 1995 WL 570911, at *4 (6th Cir. Sept. 27, 1995) (unpublished) (finding no abuse of discretion in denying Rule 60(b) relief to plaintiffs because "even though plaintiffs believed that defendant's motion would not be ruled upon until after the conclusion of discovery, this in no way negated their obligation to respond to the motion").

Whether viewing SRP's failure to respond to the Motion to Avoid as a strategic misjudgment or an "out-and-out" blunder, the Sixth Circuit makes clear that a trial court acts within its discretion in refusing to treat such a litigation mistake as excusable neglect.

**CONCLUSION**

The bankruptcy court did not abuse its discretion in concluding that SRP failed to demonstrate excusable neglect warranting relief from judgment pursuant to Rule 60(b)(1). Furthermore, the bankruptcy court acted within its discretion to deny relief without reaching the remaining factors of prejudice to the opposing party or whether SRP held a meritorious claim or defense.  Accordingly, the Panel AFFIRMS the bankruptcy court's Order denying SRP's Motion for Relief.